The court was correct in directing the verdict, and the judgment is therefore affirmed.

LITTLE *v.* SMITH.

5-401                                              267 S. W. 2d 511

Opinion delivered May 3, 1954.

*Mahony & Yocum,* for appellant.

*DuVal L. Purkins* and *Clifton Bond,* for appellee.

J. SEABORN HOLT, J.    Appellees brought this suit under our Workmen's Compensation Law (§ 81-1301—1349, Ark. Stats. 1947) to recover compensation as a result of the injury and death of their son, A. G. Smith.

Smith's death occurred September 29, 1950, while he was employed by appellant, Little, and in the course of his employment. Appellees sought compensation award on claim of partial dependency.

A hearing, first before Commissioner Holmes, and later before the full Commission, resulted in findings that appellees had not filed their alleged claim within the statutory requirement of one year from the death of their son, and compensation was denied for this reason.

On appeal to the Bradley Circuit Court, the order of the Commission was reversed and judgment entered granting an award and attorney's fee. This appeal followed.

The primary and decisive question here is whether there was a valid claim filed in accordance with the provisions of the Compensation Law. We have concluded that no such claim was filed and that the Circuit Court erred in holding otherwise.

§ 81-1318, Ark. Stats. 1947 (a) of the Compensation Law provides: "(3) A claim for compensation on account of death shall be barred unless filed with the Commission within (1) year of the date of such death. * * * (c) Failure to file. Failure to file a claim within the period prescribed in subsection (a) or (b) shall not be a bar to such right unless objection to such failure is made at the first hearing on such claim in which all parties in interest have been given a reasonable notice and opportunity to be heard."

It is not disputed that appellants (respondents) at the first hearing before Commissioner Holmes (February 8, 1952, at Warren, Ark.) duly made objection to the claim because of appellees' failure to file within one year from the death of their son.

Appellees say: "It is the contention of the claimants (appellees) that a claim was filed and processed in their behalf within the meaning of the Workmen's Compensation Law and the facts and circumstances contained in the record support this contention."

The record reflects the following events: After Smith's (the employee) death September 29, 1950, the Secretary of the Commission wrote the following letter November 13, 1950: "Mr. A. G. Smith, Hermitage, Arkansas—RE: *W. L. Little* v. *A. G. Smith*—WCC No. A 023189—Carrier's No. C-105989 Ark. Dear Mr. Smith: We have received a report from the insurance carrier that Mr. Little was killed in the course of his employment but that he left no dependents. We always like to check this matter and will appreciate it if you will advise us whether or not he was supporting a mother, father, brothers or sisters. As we understand it, he was a single man. Kindly advise us at your earliest convenience."

Little (Smith's employer) replied November 20, 1950, to this letter as follows: "In regard to your letter of November 13-50, you have the wrong man dead. A. G. Smith is deceased, I am the contractor. Smith was single, but he was helping to support his father and mother, that is he turned them in on his Form W-4 Withholding Exemption Certificate. He was injured on Sept. 22, 1950. His father is Homer Smith, Address Winnfield, La. This boy was colored. Your friend, W. L. Little."

Following receipt of this letter, the Commission on November 22, 1950, wrote the Chambers Claims Service, which was making an investigation for the insurance carrier, as follows: "RE: *A. G. Smith (Dec'd.)* v. *W. L. Little,* WCC No. A 023189—Carrier's No. C-105989— Ark. Dear Mr. Chambers: We have been advised by Mr. W. L. Little that the deceased in this case was helping to support his father and mother. The father's name is Homer Smith, and his address is Winnfield, La. Kindly take notice. Very truly yours, John T. Jernigan, Secretary."

December 1, 1950, Chambers Claims Service wrote the Commission: "This will acknowledge receipt of your letter of November 22, 1950. We are making an investigation of this case and the Company's representatives in Louisiana have been attempting to contact Homer

Smith, father and alleged dependent of the deceased; however, they have learned that he has moved to some place near Monroe, Louisiana and we respectively ask for sufficient time to make the necessary investigation and determine if there were any dependents.''

December 5, 1950, the Commission wrote Chambers: ''Your letter of December 1, 1950, received. It will be satisfactory for you to take some additional time to locate the dependents, if any, in the above case.''

January 16, 1951, the Chambers Claims Service wrote the Commission that its investigation had been completed and ''we must stand on our Intention to Controvert Claim as filed with you on November 8, 1950.''

The Circuit Court, in its consideration of this case, found that the above correspondence constituted a valid claim. The Court said: ''The only question before this court is whether or not, as a matter of law, the foregoing letters between Mr. Little, the Workmen's Compensation Commission and the insurance carrier constituted a claim under the Act.''

In the circumstances, the above communications from Little, the Commission, and the Chambers Claims Service, related to investigations following report of the employer, Little, to the Commission of Smith's injury and death, and fell far short of constituting a valid claim. The employer's letter to the Commission reporting Smith's death was required of him under the Compensation Law. Sections 81-1333 and 81-1334, Ark. Stats. 1947 provide: ''81-1333. Record of injury or death.—Every employer shall keep a record in respect of any injury to an employee. Such record shall contain such information of disability or death in respect of such injury as the Commission may by rules or regulations require, and shall be available for inspection by the Commission or by any State authority at such time and under such conditions as the Commission may by rule or regulation prescribe.

''81-1334. Reports.—(a) Within ten (10) days after the date of receipt of notice or of knowledge of injury

or death the employer shall send to the Commission a report setting forth (1) the name, address, and business of the employer, (2) the name, address and occupation of the employee, (3) the cause and nature of the injury or death, (4) the year, month, day and hour when, and the particular locality where, the injury or death occurred, and (5) such other information as the Commission may require. (b) Additional reports in respect of such injury and of the condition of such employee shall be sent by the employer to the Commission at such times and in such manner as the Commission may prescribe. (c) Any report provided for in subdivision (a) or (b) of this section shall not be evidence of any fact stated in such report in any proceeding in respect of such injury or death on account of which the report is made.''

These reports could not be used as evidence by appellees on a claim for compensation under the plain terms of the above sections. Notice clearly is for the purpose of affording an investigation.

The text writer in 71 C. J., § 779, p. 1000, says: ''C. Claim for Compensation—1. Necessity for Making or Filing. Although in some jurisdictions there is no such requirement, the statutes ordinarily provide that, in addition to the giving of notice of injury, a claim for compensation shall be made or filed within a specified time. The requirement for the making or filing of a claim is held to be jurisdictional and mandatory, the making or filing of a claim in accordance with the act being a matter going to the maintenance of the right of action and essential to the recovery of compensation, and a failure to make or file a timely claim is a bar to the recovery of compensation. * * * (§ 782) 4. a. Ordinarily no particular form of claim or demand is required, particularly where substantial compliance with the statutory provisions as to the claim or demand is all that is required. The claim for compensation is not a formal pleading, the same particularity of pleading not being required as to a claim in a compensation proceeding as is required in an action at law. Hence great liberality as to the form and substance of an application

for compensation is to be indulged, especially where applicant is not represented by counsel. The claim must nevertheless be direct and unequivocal, and show that a claim for compensation is being made; be understandable, where filed with the commission it must call for some immediate action by the commission. It must apprise the employer that the employee has sustained injuries of such character as to entitle him to compensation and that the benefits of the act are being claimed.''

In *Sanderson & Porter* v. *Crow*, 214 Ark. 416, 216 S. W. 2d 796, we said: ''The Workmen's Compensation Law (§ 18 [a]) imposes an absolute limitation on the time for filing a claim. In the Williams-Walker case we held that knowledge rendered notice unnecessary; but here we are presented with a case where no claim was filed within the statutory period. Thus, a jurisdictional matter is presented, and not a mere defensive provision of notice as in the Williams-Walker case.

''Appellee's lack of knowledge of the law is no defense. He was in full possession of his mental faculties. However meritorious the claim may be, nevertheless, § 18 (a) of the Workmen's Compensation is a bar, since the 'latent injury' cases do not apply. While our Compensation Law is liberally construed to effectuate its purposes, still the plain wording of that law is a mandate which we cannot evade.'' See also, *Kimpel, Guardian,* v. *Garland Anthony Lumber Co.,* 216 Ark. 788, 227 S. W. 2d 932.

From the above authorities, a claim for compensation must be clear, direct and definite, and call for immediate action by the Commission. It is undisputed that neither of the appellees signed a claim or authorized the signing of a claim for them by any one, which was filed with the Commission within the statutory limits of one year. We find nothing in the above correspondence or communications that requested or demanded payment of compensation or that would constitute a claim under the Compensation Law.

Under § 81-1325, it is provided: ''The Court shall review only questions of law and may modify, reverse,

remand for rehearing, or set aside the order or award upon any of the following grounds and no other:* * * 4. That there was not sufficient competent evidence in the record to warrant the making of the award."

We cannot say, as a matter of law, that there was no substantial evidence to support the finding and order of the Commission. Accordingly, the judgment of the Circuit Court is reversed and the cause remanded to the Circuit Court, with directions to affirm the order of the Workmen's Compensation Commission.