Charles L. ST. JOHN *v.* ARKANSAS LIME
COMPANY (Rangaire Corporation), Employer
LIBERTY MUTUAL INSURANCE COMPANY
Insurance Carrier

CA 83-36                                     651 S.W.2d 104

Court of Appeals of Arkansas
Opinion delivered June 1, 1983

*Gary Vinson*, for appellant.

*Penix, Penix, Mixon & Lusby*, for appellees.

JAMES R. COOPER, Judge. In this workers' compensation case, the Commission found that the appellant had failed

to prove by a preponderance of the evidence that he had suffered an aggravation or reinjury of his previously compensable disability and that his claim for additional benefits was barred by the statute of limitations. From that decision, comes this appeal.

The appellant, Charles L. St. John, was employed by the appellee, Arkansas Lime Company (Rangaire Corporation), as a maintenance man. On September 21, 1979, while climbing a ladder to work inside a tank, the appellant fell approximately twenty feet onto the hood of a truck. The appellant suffered severe injuries, including a fractured skull. The appellant returned to work on March 24, 1980, and worked until July, 1980, when his treating physician recommended that he refrain from working due to recurring episodes of dizziness. On September 26, 1980, the appellant was again released to return to work, at which time his benefits were terminated.

The appellant contends that, following his initial injury in 1979, he suffered two additional falls, one in July, 1980, and a second in the summer of 1981. The appellant argues that his current disability is either a result of his initial injury which did not manifest itself completely until March 1982, or a result of at least one of the two additional falls, which caused a reinjury or aggravation of his initial injury.

The appellees contend that all disability claims resulting from the initial 1979 injury were paid as of September, 1980. The appellees argue that since the appellant did not seek additional medical attention or notify the employer of the recurring problems until after March, 1982, the statute of limitations bars any additional benefits.

The issue in the case at bar is whether there is substantial evidence to support the Commission's decision that the appellant's claim for additional benefits is barred by the statute of limitations. On appeal, we must review the evidence in the light most favorable to the Commission's decision and uphold that decision if it is supported by substantial evidence. Thus, before we may reverse a decision

by the Commission, we must be convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Office of Emergency Services* v. *Home Ins. Co.*, 2 Ark. App. 185, 618 S.W.2d 573 (1981); *Bunny Bread* v. *Shipman*, 267 Ark. 926, 591 S.W.2d 692 (Ark. App. 1980). The issue is not whether this Court would have reached a different result than the Commission or whether a contrary finding could be supported. *Bankston* v. *Prime West Corp.*, 271 Ark. 727, 610 S.W.2d 586 (1981).

The statute involved in this case, Ark. Stat. Ann. § 81-1318 (b) (Repl. 1976), provides in pertinent part:

> In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one [1] year from the date of the last payment of compensation, or two [2] years from the date of the injury, whichever is greater.

This statute has been interpreted to mean that the date of the accident and the date of the injury are not necessarily the same. *Cornish Welding Shop* v. *Galbraith*, 278 Ark. 185, 644 S.W.2d 926 (1983). In *Galbraith*, the Arkansas Supreme Court stated that:

> Injury means the state of facts which first entitled the claimant to compensation, so that if the injury does not develop until some time after the accident, the cause of action does not arise until the injury develops or becomes apparent.

However, even under the "latent injury" theory, the statute of limitations will begin to run when the substantial character of the injury becomes known. *Sanderson & Porter* v. *Crow*, 214 Ark. 416, 216 S.W.2d 796 (1949). *See also T. J. Moss Tie & Timber Co.* v. *Martin*, 220 Ark. 265, 247 S.W.2d 198 (1952).

The appellant argues that the case at bar is controlled by *T. J. Moss, supra.* The claimant, in *T.J. Moss,* suffered a

compound fracture of his right forearm on May 2, 1947. His treating physician told him that he would be able to resume work and that no permanent disability was likely to occur. The claimant accepted a final settlement for temporary disability on April 28, 1948. In June, 1949, the claimant's arm completely gave way. On August 6, 1949, the claimant filed a claim for permanent partial disability. The Arkansas Supreme Court, finding that the permanent nature of the disability was not discoverable until at least four months after the date of the last payment, stated that:

> A narrow and technical construction of the statute would require a claimant to file a claim for a disability which did not in fact exist and one that was not reasonably apparent or discoverable to the claimant.

In the case at bar, there is substantial evidence that the appellant was aware of both the nature and extent of his injury at the time of the initial 1979 accident. The dizziness, headaches, blackout spells, and other symptoms continued in varying degrees from the 1979 accident until the appellant was examined by Dr. Ronald Williams in March, 1982. One of the appellant's witnesses, a co-worker who began working with the appellant in March, 1981, testified that, although the appellant had always complained of dizziness, headaches, and blackout spells, the episodes had become more frequent and severe since the 1981 fall. The employer's representative testified that from September 26, 1980, to March 2, 1982, the appellant worked continuously except for vacations and other regular days off. From the facts presented in the case at bar, we cannot find that the appellant's present disability comes within the "latent injury" exception to the statute of limitations.

Finally, the appellant argues that since he never received a permanent disability rating as a result of his initial injury, the statute of limitations should not be a bar to his claim for additional benefits. In *Petit Jean Air Service* v. *Wilson*, 251 Ark. 871, 475 S.W.2d 531 (1972), the Arkansas Supreme Court stated:

> We are unwilling to say, however, that the physician's failure to make such an evaluation has the effect of

holding the claim in suspension for all time to come. To adopt such a rule would mean that in many cases insurers would never know when their liability upon a particular claim was finally terminated.

The purpose of the statute of limitations in workers' compensation cases is to permit a claimant's injuries to be promptly investigated and treated. *Woodard* v. *ITT Higbie Manufacturing Co.*, 271 Ark. 498, 609 S.W.2d 115 (Ark. App. 1980). The burden of filing a claim for additional benefits within the statute of limitations is upon the claimant. *Petit Jean Air Service, supra.* The Commission found that the appellant's claim for additional benefits was untimely filed and therefore barred by the statute of limitations. Since we are unable to say that fair-minded persons, with the same evidence before them, could not have reached the same conclusion, we must affirm.

Affirmed.

CORBIN, J., dissents.

GLAZE, J., concurs.