Katherine R. COOK *v.* SOUTHWESTERN BELL
TELEPHONE COMPANY

CA 86-233                                          727 S.W.2d 862

Court of Appeals of Arkansas
Division II
Opinion delivered April 22, 1987

*Branch & Thompson,* by: *Robert F. Thompson,* for
appellant.

*Patricia J. Nobles, D.D. Dupre, Garry S. Wann,* and
*Barbara Womack,* for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a decision
of the Workers' Compensation Commission holding appellant's
claim for permanent partial disability benefits barred by the two-
year statute of limitations contained in Ark. Stat. Ann. § 81-
1318(b) (Repl. 1976).

Appellant fell at work on March 26, 1983, injuring her right
knee. However, it was not until her knee collapsed on April 16,
1983, that appellant realized the extent of her injury. Her knee
cap was removed by Dr. C. Leon Hay on April 18, 1983, and she
was paid full benefits until released to return to work on October
11, 1983. She was not given a permanent partial disability rating
at that time and did not again consult her doctor about her knee
until May 7, 1985.

She testified, however, that although she went back to work at the same job, she continued to have pain in her knee and it gradually got worse. Then, on April 9, 1985, appellant retained Robert F. Thompson, an attorney, who wrote a letter to the Workers' Compensation Commission the same day. After identifying the appellant, her employer, and the WCC claim number, the body of the letter stated in full:

> We have been employed to assist Katherine R. Cook in connection with unpaid benefits in the above matter. If you would be kind enough to send me a copy of your file so that we may evaluate the matter, it would be greatly appreciated. If there is any charge for the copying in this connection, please send a statement with the material.

The Commission responded on April 11, 1985, with a letter to Mr. Thompson acknowledging his letter and stating that a notation would be made in the file that he was serving as attorney of record for appellant. On June 25, 1985, Mr. Thompson formally requested a hearing.

It was stipulated at the hearing that appellant had sustained a compensable injury, that the statute of limitations began to run on April 19, 1983, and that appellant had sustained a twenty per cent (20%) anatomical disability to the right lower extremity. The only issue was whether Thompson's April 9, 1985, letter constituted the filing of a claim for compensation. The law judge concentrated on the words "employed" and "unpaid benefits" contained in the letter, and on the Commission's response, and concluded that the letter effectively gave notice that appellant was making a claim for further benefits and, therefore, the claim was not barred by the statute of limitations. The full Commission reversed, holding that counsel's letter was not specific enough to be considered a claim for benefits and, therefore, the claim was barred on April 19, 1985.

On appeal to this court, the appellant cites *Long-Bell Lumber Co.* v. *Mitchell*, 206 Ark. 854, 177 S.W.2d 920 (1944), in support of her contention that the letter of April 9, 1985, constituted a claim. In that case, the Arkansas Supreme Court said that the Commission was correct in treating certain correspondence between the claimant and the Commission as tantamount to the filing of a claim. In so holding, the court stated:

In our Workmen's Compensation Law, formalities are frowned on. A reading of §§ 18, 19 and 27 thereof is convincing of this statement. The spirit of the law, *inter alia*, is to afford a speedy and simple form of relief to, or settlement of the claims of, those injured. (71 C.J. 247.) The act is to be liberally construed to effectuate its purposes; and the correspondence was notice of claim.

206 Ark. at 857.

Appellant also cites Larson's treatise on worker's compensation law, which both parties agree states:

At the minimum, the informal substitute for a claim should identify the claimant, indicate that a compensable injury has occurred, and convey the idea that compensation is expected.

*See* 3 Larson, *Workmen's Compensation Law* § 77A.41 (1983). The appellant argues that her attorney's letter met the criteria set out by Larson for stating a claim: it named the employee and the employer, referred to the open compensation file by number, and stated that the attorney had been employed to assist the appellant in seeking additional benefits.

The Commission, however, relied upon *Little v. Smith*, 223 Ark. 601, 267 S.W.2d 511 (1954), and quoted the following language of the court in that case taken from an old volume of *Corpus Juris*:

The claim must nevertheless be direct and unequivocal, and show that a claim for compensation is being made; be understandable, where filed with the commission it must call for some immediate action by the commission. It must apprise the employer that the employee has sustained injuries of such character as to entitle him to compensation and that the benefits of the act are being claimed.

223 Ark. at 606.

We do not believe that the *Little* case is applicable in the instant case. In the first place, the claim in *Little* was made on behalf of the surviving parents of the deceased employee after the one-year statute of limitations had expired. The Arkansas Supreme Court was considering correspondence between the em-

ployer, the Commission, and the Chambers Claims Service. This correspondence had been held by the circuit court to constitute notice of a claim, but the appellate court noted that the correspondence only related to investigations following the *employer's* report to the Commission of the death of an employee and held that the correspondence could not constitute a claim for compensation since none of it came from the deceased's relatives or any representative of them. In the second place, the type of information referred to in the *Little* case is information that might be needed in an original claim but, in the instant case, the letter written by appellant's attorney on April 9, 1985, was not an original claim but a claim for additional benefits.

We have held that the purpose of the statute of limitations in workers' compensation cases is to permit prompt investigation and treatment of injuries. *St. John* v. *Arkansas Lime Co.*, 8 Ark. App. 278, 651 S.W.2d 104 (1983). It is clear from the record in this case that the employer was given immediate notice of the injury and fully investigated the claim at the time it occurred. Further, the evidence discloses that the claim was accepted as compensable and the employee was paid full benefits during her healing period. She then went back to work for the appellee, her work activities since then have been easily observable, and the appellee has stipulated that appellant is entitled to receive a 20% permanent partial disability award for the scheduled injury to her leg unless her claim is barred by limitations. The appellee, however, argues that the letter by appellant's counsel was not specific enough to constitute a claim. Under the facts of this case, we simply do not agree.

Our decision is consistent with our holding in the recent case of *Arkansas Power and Light Co.* v. *Giles*, 20 Ark. App. 154, 725 S.W.2d 583 (1987), where we held that the statute of limitations was tolled by a claim for *additional* benefits. In that case, we relied upon *Sisney* v. *Leisure Lodges, Inc.*, 17 Ark. App. 96, 704 S.W.2d 173 (1986), where we held a claimant's timely filing for rehabilitation benefits and additional permanent disability payments also tolled the statute for her later-requested medical benefits. To hold otherwise, we said, would "invoke a measure of precision uncalled for by the broad language of the statute and unsupported by the case law of this state."

■ We hold, in the instant case, that because this was not an original claim for compensation and the employer was fully aware of the injury and its compensability, counsel's letter notifying the Commission that he had been employed to assist the claimant in connection with unpaid benefits, and listing the claimant's name, the employer's name, and the WCC file number was sufficient to constitute a claim for additional benefits. Since that letter was filed within the two-year period allowed by Ark. Stat. Ann. § 81-1318(b) (Repl. 1976) in which to file claims for additional compensation, we reverse the Commission's decision that the claim was barred by limitations and we remand this matter for determination of the merits of appellant's claim.

Reversed and remanded.

COOPER and COULSON, JJ., agree