Kelley RIDER *v.* JULIAN MARTIN, INC. and Fireman's Fund Insurance Co.

CA 89-366                                        789 S.W.2d 743

Court of Appeals of Arkansas
Division II
Opinion delivered June 6, 1990
[Rehearing denied July 5, 1990.]

*James A. McLarty*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *Michael L. Alexander* and *Tim A. Cheatham*, for appellee.

JAMES R. COOPER, Judge. In this workers' compensation case, the appellant, Kelley Rider, injured his back on June 22, 1985, while unloading a truck. He contacted his employer, the appellee Julian Martin, Inc., and told it of his injury. He missed three days of work, returned the truck to Arkansas, and missed the following week of work. Prior to returning to Arkansas, the appellant was treated by Dr. Frank Pochik of Detroit, Michigan, but because the doctor was a personal friend, he did not charge the appellant for his services. After the appellant called his employer and gave notice of the injury, the employer filed an A-8 form, Employer's First Report of Industrial Injury, on July 15, 1985. The appellant testified that he believed that in order to receive compensation he had to "meet" a $250.00 deductible and therefore he did not file a claim for workers' compensation until October 15, 1987. The appellees controverted the claim, asserting that the statute of limitations had run.

The administrative law judge found that the appellees were

estopped from raising the statute of limitations defense because the employer had not posted, in a conspicuous place, Form A-6, entitled Compensation Notice and Instructions to Employers and Employees. The Commission reversed the administrative law judge, finding that the facts did not warrant estopping the appellee from asserting the defense of the statute of limitations. On appeal, the appellant argues that the Commission erred in dismissing his claim because the appellees should be estopped from raising the defense of the statute of limitations. We reverse and remand.

Arkansas Code Annotated § 11-9-702(a) (1987) provides in pertinent part:

> A claim for compensation for disability on account of an injury, other than an occupational disease and occupational infection, shall be barred unless filed with the commission within two (2) years from the date of the injury.

While it is clear that the appellant did not file his claim within the statutory time period, we agree with the appellant's argument that the appellees should be estopped from asserting the statute of limitations.

According to Ark. Code Ann. § 11-9-407(a) (1987), the employer has a duty to "keep posted in a conspicuous place in and about his place of business typewritten or printed notices in accordance with a form prescribed by the commission." The form prescribed by the Commission is Form A-6. Thus the issue before us is whether there is substantial evidence to support the Commission's finding that the A-6 was appropriately displayed.

On appeal, we must review the evidence in the light most favorable to the Commission's decision and uphold that decision if it is supported by substantial evidence. Before we may reverse a decision by the Commission, we must be convinced that fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission. *St. John* v. *Arkansas Lime Co.*, 8 Ark. App. 278, 651 S.W.2d 104 (1983).

In the case at bar, Tammi Cornett, the employee for Julian Martin responsible for workers' compensation claims, testified for the appellant. She stated that she began working for the

company in January 1986 and that she personally posted an A-6 in the employees' lounge. She also stated that an A-6 was not posted in the drivers' lounge but she later admitted that she was not sure whether an A-6 was posted there. According to Ms. Cornett, the employees' lounge is used mainly by the office employees and the drivers' lounge is used by the truck drivers. She added that the drivers rarely entered the employees' lounge. The appellant testified that he was a truck driver for the appellee, that he did not see an A-6 in the drivers' lounge "or anyplace else at JMI," and that he had never worked for an employer who carried workers' compensation prior to working for the appellee.

We think that the case of *McGehee Hatchery* v. *Gunter*, 237 Ark. 450, 373 S.W.2d 401 (1963), is analogous to the present case. Although the facts in *McGehee* are quite different, the Court pointed out that the posting of the notices was for the benefit of the employee and the purpose was to inform the employee that he was covered by workers' compensation. The Court in *McGehee* refused to allow the employer to benefit from its failure to post the required notices.

In the present case, the appellant testified that he never saw an A-6 form anywhere on the employer's premises. At that point, we think it was incumbent on the appellees to offer evidence to show that the required notice had been posted as required by Arkansas law. Although there was evidence that Ms. Cornett posted an A-6 form sometime after January 1986, the appellees put on no proof whatsoever to show that an A-6 form was posted prior to or at the time of the appellant's injury in 1985. In the absence of such evidence, we conclude that the Commission's decision is not supported by substantial evidence. We reverse and remand to the Commission to determine whether the appellant has established a causal connection between his injury and his employment, and to determine benefits if it finds such a causal connection.

Reversed and remanded.

CORBIN, C.J., and JENNINGS, J., agree.