Thomas GARRETT *v.* SEARS, ROEBUCK & COMPANY

CA 92-974                                    858 S.W.2d 146

Court of Appeals of Arkansas
En Banc
Opinion delivered July 7, 1993

---

38

*McKinnon Law Firm*, by: *Nancy L. Hamm*, for appellant.

*Walter A. Murray*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from the Workers' Compensation Commission's decision finding that appellant's claim for additional benefits for a 1987 injury is barred by the statute of limitations; that the issue of temporary partial benefits was not raised below; and that appellant failed to prove he is permanently partially disabled. On appeal, appellant contends that the statute of limitations was tolled for his 1987 compensable injury; that the issue of temporary partial benefits was a matter in evidence; and that he is entitled to a 5% permanent partial disability rating related to his compensable injuries.

The record reflects that appellant injured his back on September 2, 1987, in the course and scope of his employment with appellee while moving a television set. Appellant received temporary total and medical benefits. Appellant returned to light duty work on September 28, 1987, and continued to receive his regular salary. Around September 3, 1990, appellant was informed that he would be receiving a reduction in pay in the amount of ninety cents an hour. That same day, appellant sustained an injury to his shoulder area when he was moving a scrubber. Two days later, while at home, appellant bent over to pick up his paper and his lower back "popped". He was taken to the emergency room. Appellant received temporary total and medical benefits and returned to work after a couple of weeks at which time he was trained as a sales clerk. This job change resulted in a decrease in his previous salary by an amount of $1.13. Appellant filed this claim with the administrative law judge, and the ALJ found that the statute of limitations did not bar claims stemming from his 1987 injury, that appellant was entitled to temporary partial benefits from September 2, 1987, through January 1991, "for the periods of time that appellant was receiving less than his previous salary", and that appellant did not prove he was permanently disabled. The Commission reversed the ALJ on the first two points and affirmed on the last.

When reviewing a decision of the Workers' Compensation Commission, we must view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is

supported by substantial evidence. *Welch's Laundry and Cleaners* v. *Clark*, 38 Ark. App. 223, 832 S.W.2d 283 (1992). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Quality Service Railcar* v. *Williams*, 36 Ark. App. 29, 820 S.W.2d 278 (1991).

First, appellant contends that the statute of limitations for additional medical benefits had not expired with regard to his 1987 injury. Under Ark. Code Ann. § 11-9-702(b) (1987), the time for filing a claim for additional compensation "shall be barred unless filed with the Commission within (1) one year from the date of the last payment of compensation, or (2) two years from the date of the injury, whichever is greater." The record indicates that appellant's last medical service for his 1987 injury was on January 23, 1989. Therefore, by the time appellant presented this claim for additional benefits in April of 1991, the statute of limitations had run on the 1987 injury.

Appellant argues, however, that his attorney's letter of June 13, 1989, amounted to a claim for additional benefits, thereby tolling the statute of limitations on his 1987 compensable injury. Appellant cites *Cook* v. *Southwestern Bell Telephone Co.*, 21 Ark. App. 29, 727 S.W.2d 862 (1987), in support of his argument. The Commission found no merit in appellant's argument. The Commission specifically stated in its opinion that the letter dated June 13, 1989, did not serve as the filing of a claim and that, unlike the letter in *Cook*, it was not sufficient to toll the statute of limitations. The Commission found that "at no point did [appellant's] attorney indicate that any benefits were not being received. To the contrary, she specifically indicates that she is not requesting a hearing because [appellant's] medical bills were being paid." The Commission thus concluded that appellant's counsel was simply giving notice that she wanted to be recognized as the attorney of record and that no claim was being presented at that time since there was no present conflict over the receipt of benefits.

In *Cook*, we held that the appellant's counsel's letter represented a claim for additional medical benefits so as to toll the statute of limitations for additional medical benefits. The letter

notified the Commission within the two year statute of limitations that he had been employed to assist the appellant in connection with *unpaid* benefits, and it listed the appellant's name, the employer's name, and the Workers' Compensation Commission's file number. However, we find *Cook* distinguishable.

■ In this case, appellant's counsel's letter stated:

Please be advised my law firm has been retained by the above referenced injured worker in regards to a back injury sustained on the above date. Please note my name is the attorney of record in regards to this matter. Please also be advised that I am not requesting a hearing at this time since it appears that Mr. Garrett's medical is being is paid.

We agree with the Commission's assessment and comparison of these facts in relation to the case of *Cook*. Consequently, we cannot say there is no substantial evidence to support the Commission's finding that appellant was barred by the statute of limitations from receiving further benefits connected with his 1987 back injury.

As his second point, appellant contests the Commission's finding that he is not entitled to temporary partial disability benefits. The Commission found that this issue was not before the ALJ, that the ALJ had raised the issue on his own and that he had resorted to matters outside the record in reaching that decision. We disagree with the Commission's conclusion.

■ The ALJ found that appellant was "entitled to temporary partial disability at all times during his healing period from September 2, 1987 through January 24, 1991 when his wages were less than he was receiving at the time of his September 2, 1987 injury." The record shows that this finding was based on facts stipulated to by the parties concerning the wages that appellant was earning both before and after his injuries, appellant's uncontradicted testimony at the hearing, to which appellee did not object, and the appellee's own exhibits, which included the appellant's personnel file concerning wage information. The ALJ also relied on medical reports which were placed into evidence. Given the evidence introduced by both parties, to which there was no objection, we cannot say that the ALJ resorted to matters outside the record or that this finding was not within the realm of

the evidence presented. Therefore, we reverse and remand for proceedings consistent with this opinion for the Commission to determine the appropriate amount of temporary partial disability benefits, if any.

■ Last, appellant argues that he is entitled to a 5% permanent partial disability rating as assessed by Dr. Vincent B. Runnels, appellant's physician. The record indicates that Dr. Runnels noted that he would have assessed the 5% disability rating to appellant despite appellant's 1990 injury. Furthermore, Dr. Runnels refused to attribute the 5% rating to any specific problem. He testified that the 5% rating was simply a number he picked "out of the sky." The Commission found that appellant did not suffer a permanent disability as a result of either compensable injury. We cannot say there is no substantial evidence to support the Commission's decision.

Affirmed in part; reversed and remanded in part.

MAYFIELD and COOPER, JJ., dissent.

MELVIN MAYFIELD, Judge, concurring and dissenting. I must dissent from the majority opinion on the first issue in this case. That issue is whether the statute of limitations barred appellant's claim for *additional* compensation. The statute involved is Ark. Code Ann. § 11-9-702(b) (1987), which provides in pertinent part:

> In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation, or two years from the date of injury, whichever is greater.

The appellant sustained a compensable injury on September 2, 1987. The last payment of benefits was made on May 16, 1989, for medical services rendered January 23, 1989. Appellant contends that a letter written by his attorney to the Commission, dated June 13, 1989, met the statutory requirement for filing a claim. On June 21, 1989, the Assistant Executive Director of the Commission acknowledged receipt of the letter from appellant's attorney. Therefore, we know that by June 21, 1989, at the latest,

the letter from appellant's attorney had been received by the Commission. That was clearly within two years of appellant's injury and within one year from the date of the last medical treatment paid for by appellee. However, the Commission held, and the majority opinion agrees, that the letter from appellant's attorney did not constitute the filing of a claim. The letter stated:

> RE: Tom Garrett v. Sears
> WCC File No: Unknown
> D/A: 9-2-87
> SSN: 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

Dear Ms. Gray:

Please be advised my law firm has been retained by the above-referenced injured worker in regards to a back injury sustained on the above date. Please note my name is [sic] the attorney of record in regards to this matter. Please also be advised that I am not requesting a hearing at this time since it appears that Mr. Garrett's medical is being is [sic] paid.

By copy of this correspondence I am informing the respondent of this representation and asking that they contact my office as soon as possible.

Sincerely,

Laura J. McKinnon
LJM/cmp

cc: Allstate Insurance Co.
P. O. Box 105584
Atlanta, GA 30348

The majority opinion cites our case of *Cook* v. *Southwestern Bell Telephone Co.*, 21 Ark. App. 29, 727 S.W.2d 862 (1987), where we reversed the Commission's decision holding that the claim for additional benefits was barred by limitations. The majority opinion says the *Cook* case is distinguishable because the letter from the attorney to the Commission in that case stated the attorney had been "employed to assist Katherine R. Cook in connection with unpaid benefits in the above matter." With all due respect, I think there is no meaningful distinction between the

two letters. Moreover, I think the majority opinion sweeps away the precedent which has been established for many years on this point. In *Cook* we said:

> On appeal to this court, the appellant cites *Long-Bell Lumber Co.* v. *Mitchell*, 206 Ark. 854, 177 S.W.2d 920 (1944), in support of her contention that the letter of April 9, 1985, constituted a claim. In that case, the Arkansas Supreme Court said that the Commission was correct in treating certain correspondence between the claimant and the Commission as tantamount to the filing of a claim. In so holding, the court stated:
>
>> In our Workmen's Compensation Law, formalities are frowned on. A reading of §§ 18, 19 and 27 thereof is convincing of this statement. The spirit of the law, *inter alia*, is to afford a speedy and simple form of relief to, or settlement of the claims of, those injured. (71 C.J. 247). The act is to be liberally construed to effectuate its purposes; and the correspondence was notice of claim.
>
> 206 Ark. at 857.
>
> Appellant also cites Larson's treatise on worker's compensation law, which both parties agree states:
>
>> At the minimum, the informal substitute for a claim should identify the claimant, indicate that a compensable injury has occurred, and convey the idea that compensation is expected.
>
> *See* 3 Larson, *Workmen's Compensation Law* § 77A.41 (1983).

21 Ark. App. at 30-31, 727 S.W.2d at 864.

In *Woodard* v. *ITT Higbie Manufacturing Co.*, 271 Ark. 498, 500, 609 S.W.2d 115, 117 (Ark. App. 1980), the court said that "the purpose of the statute of limitations in workers' compensation cases is to permit prompt investigation and treatment of injuries." In the instant case the Commission's opinion states that appellant had already been paid temporary total disability and medical benefits and that the last medical treat-

ment received was on January 23, 1989. In fact, appellee's exhibit #2 shows that the last payment for medical treatment was on May 16, 1989. Thus, appellee knew of appellant's injury and, less than a month before the letter of June 13, 1989, had paid for the medical treatment rendered to appellant on January 23, 1989. Appellee would have to be more than naive not to know that the letter was a claim for additional benefits. In *Sisney* v. *Leisure Lodges, Inc.*, 17 Ark. App. 96, 704 S.W.2d 173 (1986), we held that a claimant's timely filing for rehabilitation and additional permanent disability payments also tolled the statute for her later requested medical benefits. To hold otherwise, we said would "invoke a measure of precision uncalled for by the broad language of the statute and unsupported by the case law of this state." 17 Ark. App. at 99, 704 S.W.2d at 175. I think this statement applies to the instant case. Therefore, I dissent on the first issue.

The second point argued by the appellant is that the Commission erred in reversing the administrative law judge's decision which had found appellant entitled to temporary *partial* disability benefits. The majority opinion agrees with this point, and so do I. However, I want to add to the discussion of the majority opinion on this point. The Commission reversed the law judge "because the issue was raised not by either party in this case but rather by the ALJ who resorted to matters outside the record and speculation to make the finding." The specific finding reversed was that appellant was "entitled to temporary partial disability benefits during the period of September 2, 1987 through January 24, 1991." This finding was based upon the evidence discussed by the law judge which included the parties' stipulation of the amount of wages made by appellant during his healing period and the fact that he was paid less during that period than the average wage he was receiving immediately prior to his injury on September 2, 1987.

In the first place, I want to note that I am in complete agreement with the opinion on this point of the dissenting Commissioner who stated:

> It was not improper for the ALJ to determine whether claimant was entitled to benefits for temporary partial disability. At the hearing, claimant contended that he was

entitled to total disability benefits. Claimant did not have to specifically raise the issue of entitlement to temporary partial disability benefits. The possibility that the evidence will support an award for temporary partial disability is necessarily included within a claim for temporary total disability.

In the second place, I do not think the Commission's statement that the law judge "resorted to matters outside the record and to speculation" to find appellant entitled to temporary partial disability is supported by the record. It is important to note that the Commission did not itself make any factual determination on the merits of the question of whether the evidence in the record established that appellant was entitled to temporary partial disability benefits. It is, of course, the duty of the Commission to make a finding according to a preponderance of the evidence and not whether there is any substantial evidence to support the finding of the law judge. *Moss* v. *El Dorado Drilling Co.*, 237 Ark. 80, 81, 371 S.W.2d 528 (1963); *Jones* v. *Scheduled Skywards, Inc.*, 1 Ark. App. 44, 46, 612 S.W.2d 333, 335 (1981); *Jones* v. *Tyson Foods, Inc.*, 26 Ark. App. 51, 52, 759 S.W.2d 578, 579 (1988). However, I think the evidence before the law judge relates to whether the issue of entitlement to temporary partial disability was properly before the law judge.

As appellant's brief states, the law judge relied upon the stipulated evidence concerning the difference in wages that appellant was paid prior to his injury and during his healing period, the appellant's uncontradicted testimony during the hearing, to which the appellee did not object, and the appellee's own exhibits, which included the appellant's personnel file concerning wage information. In addition, the law judge's opinion makes very detailed findings of fact and conclusions of law, and the opinion has a discussion that tracks the judge's reasoning and the evidence, including the medical reports. Ark. Code Ann. § 11-9-705(a)(1) (1987) provided the guide for the law judge to follow in the hearing on this claim:

> In making an investigation or inquiry or conducting a hearing, the commission shall not be bound by technical or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter, but

> may make such investigations or inquiry, or conduct the hearing in a manner as will best ascertain the rights of the parties.

Under this guide it is clear to me that the issue of temporary partial disability was properly before the law judge, both parties introduced evidence on the issue, neither objected that the issue was not before the law judge and it was tried by implied consent and in a manner that would best ascertain the rights of the parties.

The third point raised by appellant contends that the Commission erred in refusing to allow him a 5% permanent partial disability entitlement as assessed by Dr. Runnels. I agree with the majority opinion's conclusion that we cannot say there is no substantial evidence to support the Commission's decision on this point.

In summary, I concur with the majority opinion on the permanent partial disability issue and agree to affirm the Commission on that point. I also concur with the majority opinion in reversing and remanding on the issue regarding the law judge's finding as to temporary total disability. I disagree, however, with the Commission on the statute of limitations issue; therefore, I dissent on that point.

COOPER, J., joins in this dissent.