PETIT JEAN AIR SERVICE ET AL v.
JAMES W. WILSON

5-5775                                    475 S.W. 2d 531

Opinion delivered January 31, 1972

*Terral, Rawlings, Matthews & Purtle,* for appellants.

*Gordon, Gordon & Eddy,* for appellee.

GEORGE ROSE SMITH, Justice. The question in this workmen's compensation case is whether the appellee Wilson's claim for additional compensation is barred by the statute of limitations. Such a claim must be filed within one year from the date of the last payment of compensation or within two years from the date of the injury, whichever is greater. Ark. Stat. Ann. § 81-1318 (b) (Supp. 1969). The commission held that the statute had not run, because the doctors who examined and treated the claimant did not make a final determination of the extent of his disability. Whether that omission

prevented the running of the statute is the principal issue upon this appeal from a circuit court judgment affirming the commission's decision.

The essential facts are not in dispute. The claimant was an aircraft mechanic. Two separate injuries are involved in this case, both admittedly compensable. On April 30, 1968, the claimant fell to the floor of his employer's premises and injured his back. A claim for that injury was filed with the commission. Wilson returned to work five days later, but there is no suggestion that his injury had healed in that short time.

About two months later, on July 3, 1968, Wilson again fell to the floor when a small aluminum ladder gave way under him. In that accident Wilson suffered a broken ankle and an additional injury to his back. Another claim was filed with the commission, but neither claim form is contained in the record before us. Viewing the record most favorably to the claimant, we assume that the first claim was for a back injury and that the second claim was for injuries both to the claimant's back and to his ankle.

It is important to state at the outset that neither claim was controverted by the employer or the insurance carrier. In such cases, as we noted in *Dixie Cup Co. v. O'Neal,* 240 Ark. 785, 402 S. W. 2d 417 (1966), "it is the custom for insurance companies to have a physician rate the claimant for disability, and settle the claim on that basis, though the insurance company takes this course at its own risk."

From the date of the first accident, April 30, 1968, until the carrier's last payment on September 22, 1969, the carrier expended a total of $5,006.86 in the payment of compensation and medical expenses. At the hearing before the referee the carrier attributed $3,686.78 of that total to the ankle injury and the remaining $1,320.08 to the back injury; but there was evidently a certain amount of overlapping, because the same doctor often examined or treated both injuries together.

We think it necessary to state only the salient events, chronologically, in the course of the claimant's treatment. The broken ankle was promptly set, but it did not heal satisfactorily. A second operation upon the ankle was performed on January 23, 1969. Wilson later went back to work, but he was discharged by his employer, the appellant Petit Jean Air Service, on March 31, 1969.

Wilson continued to have trouble with his back and with his ankle. He was examined or treated by four doctors who were paid by the insurance carrier. At the hearing before the referee (at which limitations was the sole issue) it was shown that Wilson's last contacts with the several doctors were as follows: Dr. Wells dismissed Wilson as a patient on April 9, 1969, and did not see him again. Dr. Engelhoven, a chiropractor, treated Wilson for the last time on May 6, 1969. Dr. Jones, an orthopedist, examined Wilson for the last time on August 15, 1969. Dr. MacKenzie, also an orthopedist, examined Wilson for the last time on September 18, 1969. At that time he rated Wilson's disability as 35% of the leg below the knee.

One or another of the physicians had made evaluations of disability from time to time, all of which were promptly honored by the insurer. For the back injury, compensation totaling ten weeks was paid, the last payment being on July 31, 1969. For the ankle injury, the carrier first made payment for a 10% permanent partial disability and later, on September 22, 1969, made a final lump sum payment of $1,203.13 for Dr. MacKenzie's finding of an additional 25% permanent partial disability. Chronologically, that was the last payment of compensation in any form.

The record discloses no further contact or communication between the claimant and the insurer (or the former employer) until the present claim for additional compensation was filed on October 20, 1970—about thirteen months after the last payment of compensation and more than two years after the date of the last injury. Thus the claim for additional compensation is ap-

parently barred under both provisions of the statute, *supra*.

In seeking to avoid the bar of the statute, counsel for the claimant make two arguments. First, it is contended, and the commission found, that the claims were never finally disposed of, because the doctors did not make a final determination of the extent of the disability resulting from either the back injury or the ankle injury. Apparently the commission viewed the claims, in those circumstances, as being analogous to cases pending in court, as to which the statute of limitations is suspended. *Rogers' Estate* v. *Hardin*, 201 Ark. 1, 143 S. W. 2d 544 (1940).

We cannot sustain that point of view in a case of this kind. It is true that claims had been filed with the commission, but such a filing is by no means comparable to the lodging of a formal complaint in a court of law. Court cases, almost without exception, are contested; and even those that are allowed to go by default are eventually terminated by an affirmative order of court. By contrast, hardly one compensation case in fifty is controverted. Uncontroverted claims, such as this one, make up the vast majority of all claims that are filed. Such claims are not ordinarily brought to the attention of the commission nor acted upon by it in any way whatever. The insurance carrier pays the claim to the satisfaction of all concerned, and that is the end of the matter.

This case does not appear to be out of the ordinary. Wilson, with the carrier's knowledge and consent, consulted a total of four doctors whose fees were paid by the carrier. Whenever a doctor made a finding that compensation was due the claimant, payment was promptly made. Eventually the final lump sum settlement was made on September 22, 1969. At that point Wilson had been seen for the last time by every one of the doctors. The claims, as active cases, had simply come to an end. In fact, Wilson decided to go into the insurance business and for that purpose went to Texas,

where he attended an insurance training school for several months.

There is no statutory requirement that physicians make a percentage evaluation of disability in every instance. As a practical matter that course is doubtless followed in most cases, as a means of settling the claim. We are unwilling to say, however, that the physician's failure to make such an evaluation has the effect of holding the claim in suspension for all time to come. To adopt such a rule would mean that in many cases insurers would never know when their liability upon a particular claim was finally terminated. It is plainly the better rule to put upon the claimant the burden of filing his claim for additional compensation within the time allowed by the statute. In our opinion, that view of the matter gives effect both to the letter and to the spirit of the law.

Alternatively, the claimant argues, although the commission did not so find, that the lump sum award made on September 22, 1969, represented a payment of compensation for the next 43.75 weeks, which would put the last payment within less than a year before the filing of the claim for added compensation. It is plain, however, that the 43.75 weeks had already elapsed between the accident on July 3, 1968, and the payment on September 22, 1969. Hence the payment represented compensation already accrued rather than compensation to become due in the future. See *Phillips* v. *Bray,* 234 Ark. 190, 351 S. W. 2d 147 (1961), where we so held in a similar fact situation. Hence the settlement was not effective to extend the payment of compensation prospectively beyond the date upon which the settlement was made.

Reversed and dismissed.