Imogene BLEDSOE *v.*
GEORGIA-PACIFIC CORPORATION

CA 84-130                                          675 S.W.2d 849

Court of Appeals of Arkansas
Division I
Opinion delivered October 3, 1984
[Rehearing denied October 31, 1984.]

*McMillan, Turner & McCorkle,* by: *Ed McCorkle,* for appellant.

*Arnold, Hamilton & Streetman,* for appellee.

DONALD L. CORBIN, Judge. Appellant, Imogene Bledsoe, was employed by Georgia-Pacific as a stacker in its Glenwood lumber mill. She suffered a compensable injury on March 29, 1979. In July she underwent surgery for a herniated disk. When she returned to work in February of 1980; she received temporary partial disability and her medical bills were paid. Her last benefits were paid on March 9, 1982. In September of 1981, appellant ceased work due to back pain. On October 5, 1981, she filed a claim for additional compensation by letter and requested a hearing. The hearing was set and then postponed at appellant's request due to appellant's difficulty in obtaining medical treatment. The Administrative Law Judge notified the parties that the case would be returned to the Commission's general files until another hearing was requested. Appellant requested such a hearing on March 10, 1983. The hearing was held June 29, 1983, and the Administrative Law Judge awarded appellant a 40% permanent partial disability rating, finding that the statute of limitations set out in Ark. Stat. Ann. § 81-1318(b) was tolled when appellant filed her claim October 5, 1981. On appeal the Workers' Compensation Commission reversed and dismissed on the statute of limitations question. From the decision appellant brings this appeal. We reverse and remand.

The Workers' Compensation Commission, relying upon *Petit Jean Air Service* v. *Wilson,* 251 Ark. 871, 475 S.W.2d 531 (1972), determined that appellant's claim for additional benefits filed October 5, 1981, failed to toll the statute. We believe the Commission is in error. *Petit Jean, supra,* is entirely distinguishable upon its facts from the case at bar.

In the *Petit Jean* case the claimant filed original claims for two compensable injuries in 1968. These claims were not controverted. The claimant received his last

compensation payment on September 22, 1969. Thirteen months after this date claimant filed a claim for additional benefits. The claimant maintained that the filing of his original claims tolled Ark. Stat. Ann. § 81-1318(b), much as the filing of a complaint in a court of law tolls statutes of limitation, and that therefore his failure to file for additional benefits within the one year statutory period was not fatal to his claim. The court rejected his argument pointing out that such claims, uncontroverted and original, were not analogous to complaints in lawsuits which by their nature are almost always contested.

In the case at bar, appellant filed her original claim for a compensable injury on July 16, 1979. On October 5, 1981, she filed a claim for additional benefits. On March 9, 1982, appellant received her last benefits payment. Appellant makes no claim that her original claim tolled the statute of limitations as did the claimant in the *Petit Jean* case. Rather, appellant argues that the filing of her claim for additional benefits on October 5, 1981, well within the one year statutory period, tolled the statute. We must agree. Otherwise, the statute has no meaning. If the statute is not tolled when the claimant filed a claim for additional benefits, what could possibly toll the statute? We prefer to think the statute means what its plain language implies. The decision of the Workers' Compensation Commission is therefore reversed and remanded to the Commission for an order in keeping with this decision.

Reversed and remanded.

COOPER and MAYFIELD, JJ., agree.