Martha SISNEY *v.* LEISURE LODGES, INC., et al.

CA 85-391                                704 S.W.2d 173

Court of Appeals of Arkansas
Division I
Opinion delivered February 19, 1986

*Youngdahl, Youngdahl & Wright, P.A.*, for appellant.

*Gerald D. Lee*, for appellees.

LAWSON CLONINGER, Judge. The issue in this workers' compensation appeal is whether the Commission erred as a matter of law in its interpretation of Ark. Stat. Ann. § 81-1318(b) (Repl. 1976) when it held that appellant's claim for additional medical benefits was barred by the statute of limitations. Upon review, we have determined that the Commission erroneously applied the law to the facts of the present case, and we reverse its decision and remand the matter for proceedings not inconsistent with this opinion.

Appellant, Bertha Sisney, was employed by appellee, Leisure Lodges, Inc., on March 8, 1979, when she fractured her right hip at work. Temporary total disability benefit payments were made through March 20, 1980, and payments on an impairment rating of 25% to the right lower extremity were made through May 6, 1982. Appellant filed a claim for additional disability and rehabilitation benefits on May 19, 1980, upon which claim no action was taken. By a letter from her attorney dated August 26, 1983, she requested additional medical and disability benefits.

Following a hearing before an administrative law judge in October, 1983, appellant was denied additional benefits on the basis that her claim was barred by the limitation on actions imposed by Ark. Stat. Ann. § 81-1318(b) (Repl. 1976). On July 3, 1985, the full Commission, in a divided two-to-one decision, affirmed the law judge's opinion. From that order appellant brings this appeal.

Section 81-1318(b), *supra*, provides as follows:

> In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one [1] year from the date of the last payment of compensation, or two [2] years from the date of the injury, whichever is greater. The time limitations of this subsection shall not apply to claims for replacement of medicine, crutches, artificial limbs and other apparatus permanently or indefinitely required as the result of a compensable injury, where the employer or carrier previously furnished such medical supplies.

The administrative law judge, in reaching his decision that this

section of the Workers' Compensation Act erected a barrier to appellant's claim, relied on the Commission's holding in *Bledsoe* v. *Georgia-Pacific Corp.*, WCC Claim No. C613937 (February 1, 1984), which in turn was based upon the rationale of *Petit Jean Air Service* v. *Wilson*, 251 Ark. 871, 475 S.W.2d 531 (1972).

In *Petit Jean, supra*, the claimant argued, and the Commission agreed, that the statute of limitations did not bar a claim for additional compensation filed thirteen months after the last payment of compensation and more than two years after the date of the last injury because the earlier claims were never finally disposed of. On appeal, the Arkansas Supreme Court reversed the Commission, observing that "Apparently, the commission viewed the claims, in those circumstances, as being analogous to cases pending in court, as to which the statute of limitations is suspended." The court went on to dismiss the analogy, noting, in distinction, that "[c]ourt cases, almost without exception, are contested," while "hardly one compensation case in fifty is controverted."

■ After the administrative law judge rendered his opinion in the present case and before the Commission took up the appeal, this court overturned the Commission's decision in *Bledsoe*. We held, in *Bledsoe* v. *Georgia-Pacific Corp.*, 12 Ark. App. 293, 675 S.W.2d 849 (October 3, 1984), that the filing of a claim for additional workers' compensation benefits within the statutory period tolls the statute of limitations. We distinguished *Petit Jean* and *Bledsoe* on the basis that, where in *Petit Jean* the claimant contended that the original claim tolled the statute, the appellant in *Bledsoe* had simply argued that her claim for additional benefits, which fell well within the one year statutory period, tolled the statute. We said: "We must agree. Otherwise, the statute has no meaning. If the statute is not tolled when the claimant filed a claim for additional benefits, what could possibly toll the statute? We prefer to think the statute means what its plain language implies."

In its opinion in the instant case, the Commission majority noted a distinction between this appeal and *Bledsoe*: "[T]he claimant here filed a request for *rehabilitation benefits* and *additional permanent disability benefits* on May 19, 1980. Not until 3 years later, August 26, 1983, did the claimant request

*additional medical benefits.* In *Bledsoe* the claimant requested the same type of benefits, *i.e.*, additional permanent partial disability." (Emphasis in the original.) The majority rejected appellant's position that the May 19, 1980, filing tolled the statute for all purposes, stating that she should have filed within one year of the last compensation payment of May 6, 1982.

The Commission also cited our decision in *Terminal Van & Storage* v. *Hackler*, 270 Ark. 113, 603 S.W.2d 893 (Ark. App. 1980), in which we held that payment for replacement medicine does not revive a claim for additional benefits once the statute of limitations has run against other forms of compensation. The majority acknowledged that the case was not clearly on point because it dealt with replacement medicine and corrective shoes instead of what the majority in the present case perceived to be two separate claims for additional benefits. We find it difficult to understand why *Terminal Van* was enlisted to reinforce the Commission's order; as the majority conceded, it has little application to the current matter, dealing as it does with categories expressly set apart by § 81-1318(b).

We find striking factual parallels between *Bledsoe, supra,* and the instant case. Both claimants were injured in 1979; Bledsoe received temporary total disability and medical benefits through February, 1980, and appellant received the same through March, 1980; Bledsoe received her last benefits on March 9, 1982, and appellant hers on May 6, 1982; Bledsoe filed her claim for additional benefits in October, 1981, and appellant hers in May 1980; Bledsoe's hearing was held in June 1983, and appellant's in August, 1983. It should be emphasized that appellant's 1980 claim, like the 1981 claim in *Bledsoe, supra,* and unlike that in *Petit Jean, supra,* was for *additional* benefits, and the subsequent claim related to the prior claim for additional benefits rather than to the original claim.

To draw distinctions between, on the one hand, additional rehabilitation and permanent disability benefits and, on the other, additional medical benefits, as the Commission majority has done, is to invoke a measure of precision uncalled for by the broad language of the statute and unsupported by the case law of this state.

We hold that, under the standard established in *Bled-*

*soe* v. *Georgia-Pacific Corp., supra*, the Commission erred as a matter of law in holding that appellant's claim for additional medical benefits was barred by the statute of limitations.

Reversed and remanded.

COOPER and MAYFIELD, JJ., agree.