ARKANSAS POWER AND LIGHT COMPANY (Self Insured) Employer v. Ricky GILES, Employee

CA 86-278                                                    725 S.W.2d 583

Court of Appeals of Arkansas
Division II
Opinion delivered March 11, 1987

*House, Wallace, Nelson & Jewell, P.A.*, by: *Jim L. Julian* and *Janice Wegener Vaughn*, for appellant.

*Antony W. Bartels*, for appellee.

JAMES R. COOPER, Judge. This is an appeal from a decision by the Workers' Compensation Commission which held that the appellee's claim for additional benefits was not barred by the statute of limitations. We affirm.

On July 7, 1981, the appellee was injured when he came into contact with a power line. The appellant accepted the claim as compensable and paid all medical bills and temporary total disability for thirty-five weeks. On April 8, 1982, the appellee's physician, Dr. Earl Peeples, assigned the appellee permanent disability ratings of forty-one percent to the left finger, two percent to the left lower extremity and ten percent to the body as a whole. These benefits were paid by the appellant on a bi-weekly basis from April 22, 1982, through June 29, 1983. On April 19, 1983, the appellee was treated by a dentist who repaired several broken fillings. These charges were also paid by the appellant.

The appellee filed an A-7 form with the Commission on December 16, 1982. No hearing was requested and no action was taken. Thirteen months after the appellee had received his last benefit payment the appellee filed a second A-7. A hearing was held in October, 1985, and the administrative law judge found that the appellee's claim for additional benefits was barred by the statute of limitations as set out in Ark. Stat. Ann. § 81-1318(b) (Repl. 1976). The Commission reversed and found that the appellee's A-7 filed in December, 1982, tolled the statute of limitations.

On appeal, the appellant argues that the Commission erred when it found that the appellee's claim for additional benefits was

not barred by the statute of limitations. We disagree with the appellant's argument.

Arkansas Statutes Annotated § 81-1318(b) (Repl. 1976) provides in part:

> In cases where the compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one [1] year from the date of the last payment of compensation, or two [2] years from the date of the injury, whichever is greater.

Thus, the A-7 filed thirteen months after the last payment of compensation is clearly outside the statute of limitations. However, the A-7 form filed in December, 1982, will toll the running of the statute if that filing constituted a request for additional benefits. *See, Sisney* v. *Leisure Lodges, Inc.*, 17 Ark. App. 96, 704 S.W.2d 173 (1986); *Bledsoe* v. *Georgia-Pacific Corp.*, 12 Ark. App. 293, 675 S.W.2d 849 (1984). We find that it did.

In *Sisney, supra*, we held that the claimant's timely filing for rehabilitation benefits and additional permanent disability payments also tolled the statute for her later requested additional medical benefits. In that case we stated:

> To draw distinctions between, on the one hand, additional rehabilitation and permanent disability benefits, and on the other, additional medical benefits, as the Commission majority has done, is to invoke a measure of precision uncalled for by the broad language of the statute and unsupported by the case law of this state.

*Sisney*, 17 Ark. App. at 99, 704 S.W.2d at 175.

The same reasoning can be applied to the case at bar. The appellee filed his claim of December, 1982, on a standardized form used by the Commission. The appellee checked the form in a manner indicating that he was claiming attorney fees, medical expenses, temporary total disability, and permanent disability benefits. In light of the fact that the appellee engaged an attorney and filed a claim almost one and one-half years after the appellant had begun paying benefits, the only reasonable assumption to make is that this claim was for benefits over and above what he

was already receiving. The appellee should not be barred merely because the word "additional" was not used.

■ We do not agree with the appellant's contention that the case of *Petit Jean Air Service* v. *Wilson*, 251 Ark. 871, 475 S.W.2d 871 (1972), is controlling. In that case the claimant fell and injured his back on April 30, 1968. A claim for that injury was filed with the Commission. On July 3, 1968, the claimant again fell, broke his ankle and suffered an additional injury to his back. He then filed another claim with the Commission. Later, on September 22, 1969, the insurance carrier made a final lump-sum payment. Thirteen months after this last compensation payment, the claimant filed a claim for additional benefits. The claimant maintained that the filing of his original claims tolled Ark. Stat. Ann. § 81-1318(b), much as the filing of a complaint in a court of law tolls limitation statutes, and that therefore his failure to file for additional benefits within the one year statutory period was not fatal to his claim. The court rejected the argument, pointing out that such claims, uncontroverted and original, were not analogous to complaints in lawsuits which by their nature were almost always contested. In the case at bar there was no original filing because the appellant accepted the injury as compensable. It would be putting form over substance to say that the claim filed more than seventeen months after the commencement of benefits was an original claim and not a claim for additional benefits.

We hold that, under the standard established in *Sisney* v. *Leisure Lodges, Inc., supra,* the Commission did not err in holding that the appellee's claim for additional benefits was not barred by the statute of limitations.

Affirmed.

COULSON and MAYFIELD, JJ., agree.