HELENA CONTRACTING COMPANY and
Argonaut Insurance Company *v.* Clevester WILLIAMS

CA 93-250 872 S.W.2d 423

Court of Appeals of Arkansas
En Banc
Opinion delivered March 23, 1994
[Rehearing denied May 18, 1994.*]

*Pittman and Robbins, JJ., would grant rehearing.

*Friday, Eldredge & Clark,* by: *Calvin J. Hall,* for appellants.

JAMES R. COOPER, Judge. The appellee in this workers' compensation case sustained a compensable injury on September 26, 1983, when he was hit by a cotton trailer in the course of his employment with the appellant contracting company. The appellants accepted the claim as compensable and paid compensation until a dispute arose in 1985. The appellee filed a claim for additional compensation on July 2, 1985, and, after a hearing, was awarded additional compensation on February 4, 1986. Although the appellee continued to receive medical treatment for his compensable injury at least once each year, the appellants discontinued payment of disability benefits and payment for medical treatments provided after July 26, 1988. The appellee sought the resumption of benefits by a claim filed with the Workers' Compensation Commission on January 31, 1990. The appellants responded by asserting that the claim was barred by the statute of limitations, Ark. Code Ann. § 11-9-702(b). The Commission found that the appellee's claim was not barred, holding that the statute of limitations had been tolled by the appellants' claim for additional compensation previously filed

in 1985. From that decision, comes this appeal.

For reversal, the appellants contend that the Commission erred in concluding that the appellee's claim is not barred by the statute of limitations found in Ark. Code Ann. § 11-9-702(b). We affirm.

 The statute relied upon by the Commission, Ark. Code Ann. § 11-9-702(b) (Supp. 1993), provides that claims for additional compensation shall be barred unless filed within one year from the date of the last payment of compensation, or two years from the date of the injury, whichever is greater. The appellants argue that the Commission erroneously concluded that a prior claim for additional compensation has the effect of tolling the statute of limitations indefinitely. We do not address the issue of whether a timely claim for additional compensation tolls the statute of limitations forever, because we do not think that the claim filed on January 31, 1990, constituted a claim for "additional compensation" so as to be subject to the limitations period stated in Ark. Code Ann. § 11-9-702(b). There is nothing in the record before us to show that the award of compensation made pursuant to the Commission's order of February 4, 1986, had expired, or that the cessation of benefits by the appellants was sanctioned in any form. Instead, it is clear from the record that the appellants simply refused to continue the payment of benefits previously awarded by the Commission pursuant to its order of February 1986. Furthermore, it is clear that the order appealed from merely awarded temporary total disability and medical benefits related to the compensable injury. Given that the appellee was already entitled to those benefits by virtue of the Commission's 1986 order, we think that the Commission erred in concluding that the appellee's claim was one for "additional" compensation so as to be subject to the limitations periods provided for in § 11-9-702(b). Instead, we regard the appellee's claim as one for enforcement of the Commission's previous order, rather than a request for additional compensation, and we hold that the claim was therefore not barred by § 11-9-702(b). Because the Commission arrived at the same result, its decision is affirmed.

Affirmed.

ROGERS, J., agrees.

JENNINGS, C.J., and MAYFIELD, J., concur.

PITTMAN and ROBBINS, JJ., dissent.

JOHN E. JENNINGS, Chief Judge, concurring. I concur in the affirmance of this case because I agree with the Commission that its disposition is governed by three of our cases: *Arkansas Power & Light Co.* v. *Giles*, 20 Ark. App. 154, 725 S.W.2d 583 (1987); *Sisney* v. *Leisure Lodges, Inc.*, 17 Ark. App. 96, 704 S.W.2d 173 (1986); *Bledsoe* v. *Georgia-Pacific Corp.*, 12 Ark. App. 293, 675 S.W.2d 849 (1984). The problem is not whether the filing of a claim for additional compensation tolls the statute (it does under the decisions decided above), but rather when the statute begins to run anew.

Obviously the statute of limitations does not begin to run once again in a workers' compensation case merely because a hearing is held. We know that multiple hearings over an extended period of time are not unusual in workers' compensation cases. Nor does the entry of an order necessarily cause the statute to begin to run again. I do agree that an order which clearly and finally disposes of the claim would cause a new period of limitations to begin to run. An example of such an order would be an order of dismissal. Such an order may be sought by either party when a claim for benefits is not being actively prosecuted. *See* WCC Rule 13 (1991).

Because the last order entered in the case at bar is not one that finally disposes of all aspects of the claim, the Commission was correct, in my view, to hold that the issue was governed by the *Bledsoe* line of cases.

MELVIN MAYFIELD, Judge, concurring. I concur with the opinion of Judge Cooper affirming the decision of the Workers' Compensation Commission in this case. That view, in my judgment, makes it unnecessary to discuss the view presented by the dissenting opinion. However, I think the concurring opinion by Chief Judge Jennings correctly answers the view presented by the dissent. Under either view, the decision reached is one of law — not fact — and the Commission's decision should be affirmed.

JOHN B. ROBBINS, Judge, dissenting. I respectfully dissent from the majority opinion of this court which today affirms a decision of the Workers' Compensation Commission. The Commission held that the claim of Clevester Williams for additional

benefits filed in 1985 tolled the statute of limitations indefinitely. Consequently, the employer, Helena Contracting Company, could not rely on the statute of limitations in defending a second claim for additional benefits filed in 1990, even though more than two years had elapsed since the date of the injury, and more than one year since thé last payment of compensation to the claimant.

The Commission's opinion and order cites three cases from this court as controlling its decision. *Arkansas Power & Light Co.* v. *Giles*, 20 Ark. App. 154, 725 S.W.2d 583 (1987); *Sisney* v. *Leisure Lodges Inc.*, 17 Ark. App. 96, 704 S.W.2d 173 (1986); *Bledsoe* v. *Georgia-Pacific Corp.*, 12 Ark. App. 293, 675 S.W.2d 849 (1984). As the Commission notes, in each of these cases a timely claim for additional compensation was filed, and in each case we held that the timely filed claim tolled the statute of limitations and prevented the statute from barring a subsequent request for additional benefits. However, there is a very significant distinction between the circumstances in those three cases and the case at bar. Here, the first claim for additional benefits was heard by the Commission's administrative law judge and an award of benefits was made. In *Giles*, *Sisney*, and *Bledsoe*, no action had been taken on the first claim for additional benefits and it was pending when the second claim for additional benefits was filed. We have never held that a request for additional benefits continues to toll the statute of limitation after the claim is heard by the Commission and decided.

The applicable limitation for claims for additional compensation is set forth in Ark. Code Ann. § 11-9-702(b):

> TIME FOR FILING FOR ADDITIONAL COMPENSATION. In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one (1) year from the date of the last payment of compensation, or two (2) years from the date of the injury, whichever is greater. . . .

If a timely claim for additional compensation is filed, the statute is tolled as to any later claim for additional benefits, *see Giles, Sisney, Bledsoe*, but *only until* the Commission decides the first claim for additional benefits. If and when the first claim is decided,

any claim for additional compensation thereafter is barred by the statute unless filed with the Commission within one year from the date of last payment of compensation, or two years from the date of the injury, whichever is later.

The claimant, Mr. Williams, was granted a hearing on his first claim for additional benefits on August 28, 1985, and was awarded benefits by order filed on February 4, 1986. Helena provided benefits pursuant to this award through July 26, 1988. Mr. Williams' next claim for additional benefits was not filed until January 31, 1990. The statute began running on the second claim on July 26, 1988, and became a bar to any subsequent claim for additional benefits on July 26, 1989. Consequently, the statute of limitations effectively barred Williams' January 31, 1990, claim. The Commission erred in holding that it did not.

The majority of this court choose to not address the issue raised by the appellants on appeal; preferring to characterize Williams' claim as a request to enforce the Commission's previous order of February 4, 1986. Consequently, they rationalize that appellee's claim was not one for "additional" compensation. This characterization is contrary to the views of the Administrative Law Judge and the full Commission. The Administrative Law Judge's opinion recites that:

> The claimant contended that he is entitled to additional medical benefits and is also entitled to additional temporary total disability benefits for 1988 through a yet to be determined period of time.

The opinion of the full Commission speaks to the claim as follows:

> Consequently, in the present claim, we are constrained by the Court's decisions to find that the July 2, 1985, claim for additional benefits tolled the Statute of Limitations with regard to subsequent claims for additional compensation, including the claim currently before the Commission.

This recharacterization is made without citation of authority or any reference to any other statute of limitations which might pro-

vide a longer period for filing requests for the "enforcement of the Commission's previous order."

The majority opinion implies that the Administrative Law Judge's order of February 4, 1986, to pay appellee's "reasonable and necessary medical and related expenses" and "additional temporary total disability benefits for the period beginning June 4, 1985, and continuing through an undetermined day" is absolute and Williams need only seek enforcement of the order to recover from the appellants, rather than request additional benefits. The majority observes that:

> There is nothing in the record before us to show that the award of compensation made pursuant to the Commission's order of February 4, 1986, had expired, or that the cessation of benefits by the appellants was sanctioned in any form.

However, the record reflects that the Administrative Law Judge's decision, adopted by the full Commission and now before us on appeal, held that Williams' healing period and entitlement to temporary total disability benefits ended on February 15, 1988, *prior* to May 30, 1988, through which date appellants paid temporary total benefits and long before Williams filed his subject request. While the Commission awarded additional medical expense benefits, appellants were not required to pay any further temporary total benefits, notwithstanding the February 4, 1986 order.

PITTMAN, J., joins in this dissent.