JOE BRENNAN GENERAL CONTRACTING and United States Fidelity & Guaranty Insurance Company *v.* Randy ADAIR

CA 97-1431                                                971 S.W.2d 798

Court of Appeals of Arkansas
Division IV
Opinion delivered June 24, 1998

*Warner, Smith & Harris, PLC,* by: *Jeol D. Johnson,* for appellants.

*McKinnon Law Firm,* by: *Laura J. McKinnon,* for appellee.

D. FRANKLIN AREY, III, Judge. Appellants, Joe Brennan General Contracting and United States Fidelity & Guaranty Insurance Company, appeal from a Workers' Compensation Commission decision finding that the appellee, Randy Adair, is entitled to further benefits for an injury that occurred in 1979. Appellants raise five points: (1) that the Commission erred in finding that the claim did not constitute a claim for additional benefits within the meaning of Arkansas Code Annotated § 11-9-702(b) (1987); (2) that the Commission erred in finding that this was a claim to enforce the provisions of a prior opinion and award dated July 10, 1981; (3) that the Commission erred in finding that the case was not controlled by any provisions of § 11-9-702; (4) that the Commission erred in finding that the provisions of § 11-9-702(b) were suspended by a prior filing of a claim for additional benefits; and (5) that the Commission erred in finding that the treatment rendered to appellee on or after November 22, 1995, constituted reasonably necessary medical treatment for the compensable injury of November 20, 1979. For the reasons given below, we reverse the Commission's decision.

Appellee sustained a left knee injury on November 20, 1979. His initial claim was accepted as compensable, but a dispute subsequently arose over his entitlement to benefits in excess of those voluntarily paid by appellants. A claim for additional compensation was filed on July 10, 1980. An opinion awarding benefits was issued by an administrative law judge on July 10, 1981; this decision was not appealed. Among other provisions, the opinion ordered appellants to continue paying all medical expenses reasonably necessary for the compensable injury.

All of the indemnity benefits allowed by the July 10, 1981 opinion had been paid prior to the opinion's entry. The last payment of indemnity benefits was on May 13, 1981, and the last payment of compensation for medical expenses was on April 14, 1981. Appellee neither sought nor required any further medical treatment between his last visit to Dr. William Kendrick on April 10, 1981, and his visit to Dr. James Arnold on November 22, 1995.

Appellee filed a claim for benefits on January 23, 1996; his left knee had begun hurting in 1995. Dr. Arnold treated appellee's left knee; this treatment included surgical intervention and repair of torn ligaments. It was Dr. Arnold's opinion that appellee's difficulties and need for medical treatment beginning in November 1995 were attributable to normal and anticipated degenerative changes to the structure of appellee's left knee, which were produced by the initial compensable injury, and to some extent by the initial surgical intervention. The evidence failed to reveal any injuries to appellee's left knee subsequent to 1979.

The administrative law judge first discussed whether the statute of limitations barred appellee's claim for additional compensation, in the form of payment of medical expenses incurred beginning on November 22, 1995. The ALJ began his analysis with section 11-9-702(b), as it existed prior to the effective date of Act 796 of 1993. This was appropriate, because appellee's injury occurred in 1979; Act 796 limits its application to injuries occurring on and after July 1, 1993. *See Atkins Nursing Home v. Gary*, 54 Ark. App. 125, 923 S.W.2d 897 (1996).

Section 11-9-702(b), in its pre-Act 796 form, reads as follows:

> (b) TIME FOR FILING FOR ADDITIONAL COMPENSATION. In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation, or two (2) years from the date of the injury, whichever is greater.

Appellee's claim filed on January 23, 1996, was not within one year from the last payment of benefits or two years from the date of injury. Rather, it was not filed until approximately sixteen years following the "date of injury" and over fourteen years following the last payment of compensation.

The ALJ determined that appellee's claim for medical benefits was not barred by § 11-9-702(b) on two grounds. The ALJ viewed appellee's claim as a request for the Commission to enforce the provisions of its July 10, 1981 opinion; the ALJ did not believe the claim constituted a claim for additional compensation. In the alternative, if the claim was considered to be one for additional compensation, then the ALJ was of the opinion that the statute of limitations was tolled by the prior filing of a claim for additional compensation on July 10, 1980.

Having disposed of the statute of limitations as a bar to appellee's claim, the ALJ proceeded to determine whether appellee's medical expenses were incurred for reasonably necessary medical treatment of his compensable injury of 1979. The ALJ gave Dr. Arnold's opinion great weight and credit. The ALJ concluded that the treatment provided by Dr. Arnold on or after November 22, 1995, was reasonable for and necessitated by degenerative changes that were the result of the natural progression or deterioration of the initial compensable injury of November 20, 1979. Appellants were held liable for the reasonable expenses incurred as a result of this treatment. The Commission affirmed and adopted the decision of the administrative law judge.

■ We think the Commission erroneously concluded that appellee's January 23, 1996 claim merely sought to enforce the provisions of the July 10, 1981 opinion. All of the benefits and compensation awarded in the July 10, 1981 opinion were paid *prior* to the issuance of that opinion. Appellee neither sought nor required any further medical treatment between April 10, 1981 (prior to the date of the opinion), and November 22, 1995. There is no indication that the appellants refused to continue payment of benefits previously awarded in the interim between these two visits. In short, this was a claim for additional compensation.

*Helena Contracting Co. v. Williams*, 45 Ark. App. 137, 872 S.W.2d 423 (1994), is distinguishable. In that case, the claimant continued to receive medical treatment for his compensable injury *after* the Commission's order of February 4, 1986. Treatment was received at least once each year, until the respondents discontinued payment of disability benefits and payment for medical treatment provided after July 26, 1988. The claimant sought the resumption of these benefits by a claim filed on January 31, 1990. We held that section 11-9-702(b) did not bar the claimant's January 31, 1990 claim.

> [W]e do not think that the claim filed on January 31, 1990, constituted a claim for "additional compensation" so as to be subject to the limitations period stated in . . . § 11-9-702(b). There is nothing in the record before us to show that the award of compensation made pursuant to the Commission's order of February 4, 1986, had expired, or that the cessation of benefits by the [respondents] was sanctioned in any form. Instead, it is clear from the record that the [respondents] simply refused to continue the payment of benefits previously awarded by the Commission pursuant to its order of February 1986.

*Helena Contracting Co.*, 45 Ark. App. at 139, 872 S.W.2d at 424. We treated the claimant's "claim as one for enforcement of the Commission's previous order, rather than a request for additional compensation," so that it was not barred by § 11-9-702(b). *Id.*

In the case before us, appellants have not refused to continue payment of benefits previously awarded by the Commission. Instead, appellants paid all of the benefits awarded *prior* to the July 10, 1981 opinion. In *Helena Contracting Co.*, the claimant continued to receive medical treatment for his compensable injury after the February 4, 1986 order; here, appellee neither sought nor required any further medical treatment from April 10, 1981, until November 22, 1995. Unlike the order in *Helena Contracting Co.*, the July 10, 1981 opinion *also* awarded permanent and partial disability benefits. The instant case does not involve the refusal to comply with an ongoing award of temporary total and medical benefits alone.

Likewise, we do not believe that § 11-9-702(b) was tolled, as it was in *Bledsoe v. Georgia-Pacific Corp.*, 12 Ark. App. 293, 675

S.W.2d 849 (1984), and its progeny. *See Arkansas Power & Light Co. v. Giles*, 20 Ark. App. 154, 725 S.W.2d 583 (1987); *Sisney v. Leisure Lodges, Inc.*, 17 Ark. App. 96, 704 S.W.2d 173 (1986). In these cases, a timely claim for additional compensation that was not acted on tolled the statute of limitations, so that a hearing on a subsequent or second claim for additional compensation was proper. *See Giles*, 20 Ark. App. at 156–57, 725 S.W.2d at 584–85; *Sisney*, 17 Ark. App. at 99–100, 704 S.W.2d at 175; *Bledsoe*, 12 Ark. App. at 295, 675 S.W.2d at 850.

In this case, appellee did not file a timely claim for additional compensation following the July 10, 1981 opinion. The claim relied on by the Commission to toll the statute, filed on July 10, 1980, was disposed of by the opinion dated July 10, 1981. Appellee sought no benefits after the July 10, 1981 opinion, until over fourteen years later; no additional medical treatment was requested, and all benefits were paid prior to the July 10, 1981 opinion. Thus, the July 10, 1980 claim for additional compensation was acted on, unlike the original tolling claims in *Giles*, *Sisney*, and *Bledsoe*.

Since appellee's January 23, 1996 claim is one for additional compensation, and since the statute of limitations was not tolled, then appellee's claim is barred. *See* § 11-9-702(b). As the ALJ acknowledged, appellee's January 23, 1996 claim was not filed until approximately sixteen years following the "date of injury" and over fourteen years following the last payment of compensation. The claim is clearly barred. Therefore, any argument concerning the reasonable necessity of appellee's medical treatment rendered on or after November 22, 1995, is moot.

Reversed and dismissed.

BIRD and ROGERS, JJ., agree.