Blandina SPENCER *v.*
STONE CONTAINER CORPORATION

CA 00-538                                                    38 S.W.3d 909

Court of Appeals of Arkansas
Division III
Opinion delivered February 21, 2001
[Petition for rehearing denied April 4, 2001.]

*Davis, Mitchell & Davis*, by: *Gary Davis*, for appellant/cross-appellee.

*Thomas W. Mickel, P.A.*, by: *Terry D. Lucy*, for appellee/cross-appellant.

JOSEPHINE LINKER HART, Judge. The issue on appeal is whether appellant's claims for additional workers' compensation benefits are barred by the statute of limitations. The Arkansas Workers' Compensation Commission determined that the statute of limitations did not bar Spencer's claim for additional compensation arising from her September 26, 1991, injury, but it did bar her claim for additional compensation arising from her August 24, 1992, injury. For reversal, appellant Spencer argues that the Com-

mission erred by concluding that her claim for additional compensation arising from the 1992 injury was barred, and on cross-appeal, appellee Stone Container argues that the Commission wrongly concluded that Spencer's claim for additional compensation arising from her 1991 injury was not barred. We, nevertheless, affirm on appeal and on cross-appeal.

On review, we affirm if the Commission's decision is supported by substantial evidence. *See* Ark. Code Ann. § 11-9-711(b)(4)(D) (Repl. 1996). To determine whether the decision is supported by substantial evidence, we view the evidence in a light most favorable to the Commission's findings and affirm if reasonable minds could have reached the same conclusion. *See Frances v. Gaylord Container Corp.*, 341 Ark. 527, 531, 20 S.W.3d 280, 283 (2000) (citing *Ester v. National Home Ctrs., Inc.*, 335 Ark. 356, 981 S.W.2d 91 (1998)).

As we address each claim for additional compensation, we are mindful of the relevant code provision prior to the enactment of Act 796 of 1993, as it appeared at Ark. Code Ann. § 11-9-702(b) (1987), and stated:

> In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation, or two (2) years from the date of the injury, whichever is greater. . . .

We consider each claim separately.

*I.  Additional compensation for September 26, 1991 injury*

Spencer sustained a compensable injury to her neck and back on September 26, 1991, when she was struck by a forklift and pushed into a box. Stone Container paid some benefits, and later Spencer filed an A-7 Form on December 26, 1991, requesting "a second opinion of a doctor." Spencer made a claim for additional compensation on December 22, 1997, which the Commission determined was not barred by the statute of limitations because, as it concluded, the statute had been tolled when Spencer made a claim for additional compensation when she requested a change of physician (*i.e.,* the request for a doctor's second opinion) on December 26, 1991. On cross-appeal, Stone Container argues that

this conclusion was in error because (1) it is incorrect to consider a request for the change of a physician to be a valid claim for additional compensation; and (2) it is unreasonable to conclude that the filing of the A-7 Form in 1991 should toll the statute of limitations till December 22, 1997. We disagree with cross-appellant on both issues and affirm.

■ Cross-appellant argues that Spencer's request for a change of physician did not constitute a claim for *additional* compensation; instead, it argues, that because Spencer had already been seen by a number of other physicians, her request merely represented a claim for benefits already received. We, however, reject that argument. It is axiomatic that when a claimant makes a proper request for a change of physician, she is seeking compensation benefits in addition to that which she has either been awarded or otherwise provided. Therefore, we agree with the Commission that such a request can constitute a claim for additional compensation and toll the statute.

■ Additionally, Spencer's filing that requested a change of physician did toll the statute of limitations till December 22, 1997, when she made another claim for additional compensation. Cross-appellant argues that such an interpretation of the applicable statutory law is unreasonable and that the Commission's reliance on *Arkansas Power & Light Co. v. Giles*, 20 Ark. App. 154, 725 S.W.2d 583 (1987), and *Bledsoe v. Georgia-Pacific Corp.*, 12 Ark. App. 293, 675 S.W.2d 849 (1984), was in error because those cases are distinguishable from the case at bar inasmuch as they concerned claimants who did not wait as long as Spencer did to file a claim for additional compensation.

■ We are persuaded, however, that the Commission's decision was correct and consistent with our decision in *Sisney v. Leisure Lodges, Inc.*, 17 Ark. App. 96, 97-100, 704 S.W.2d 173, 174-175 (1986). In *Sisney*, the claimant sustained a compensable injury on March 8, 1979; received some compensation benefits; filed a claim for additional compensation benefits on May 19, 1980; received her last benefits payment on May 6, 1982; and made another claim for additional benefits on August 26, 1983. With these key facts in mind, we held that the 1980 filing tolled the statute of limitations relying on the rationale used in *Bledsoe*, 12 Ark. App. at 295, 675 S.W.2d at 850:

Otherwise, the statute has no meaning. If the statute is not tolled when the claimant files a claim for additional benefits, what could possibly toll the statute? We prefer to think the statute means what its plain language implies.

*See also Giles*, 20 Ark. App. at 156-157, 725 S.W.2d at 584-585. In this case, Spencer was injured on September 26, 1991; she received some compensation benefits; filed a claim for additional compensation benefits on December 26, 1991; received her last benefits payment on March 11, 1996;[1] and made another claim for additional benefits on December 22, 1997. We conclude that despite the amount of time, this matter is governed by our holding in *Sisney*, and conclude that the Commission's finding that the 1991 filing tolled the statute of limitations is supported by substantial evidence.

## II. *Additional compensation for August 24, 1992 injury*

Spencer sustained a second compensable injury to her neck and back on August 24, 1992, when she slipped on some spilled hydraulic fluid and fell. Stone Container again paid some benefits until March 11, 1996, and on December 22, 1997, Spencer filed a Form AR-C, requesting additional compensation benefits. Spencer argues that her claim was filed within one year from the last time Stone Container furnished medical services. The Commission, however, concluded that her claim was barred by the statute because the treatment she received was not reasonably necessary in connection with the injuries she received in 1991 and 1992, and, therefore, it did not constitute payment of compensation, which would have tolled the statute. Spencer argues that the Commission's decision should be reversed because it was in error (1) to conclude that the medical treatment she received in 1997 and 1998 was not reasonably necessary in connection with the injuries she received; and (2) to not consider letters from Spencer's legal counsel as claims for additional compensation that tolled the statute of limitations. We nevertheless affirm.

---

[1] Appellee's workers' compensation carrier had written appellant on February 26, 1996, and on May 9, 1996, seeking a settlement of the outstanding claims and stating that the case would be closed if it did not receive word from appellant within a certain period of time. Appellant testified that she did not receive the February letter. Apparently, the payments ended in March, 1996, commensurate with the carrier's aforementioned threat.

■ Our oft-stated rule is that for purposes of the aforementioned statute of limitations, "the *furnishing* of medical services constitutes payment of compensation . . . ." *Heflin v. Pepsi Cola*, 244 Ark. 195, 197, 424 S.W.2d 365, 366 (1968). Moreover, an employer is deemed to be furnishing such services if it has either actual notice or has reason to know of a claimant receiving medical treatment. *See Plante v. Tyson Foods, Inc.* 319 Ark. 126, 131, 890 S.W.2d 253, 255-256 (1994) (held that an employer that did not receive actual notice that employee was receiving medical treatment was deemed to be furnishing medical services because it had reason to know it would be furnished). To successfully toll the statute of limitations, however, the furnished services must be reasonably necessary in connection with the injury received. *See Northwest Tire Serv. v. Evans*, 295 Ark. 246, 748 S.W.2d 134 (1988). In spite of these well-settled principles, an employer does not have the burden of determining whether medical treatments are continuing; to the contrary, the burden remains with the claimant "to act within the time allowed." *Superior Fed. Sav. & Loan v. Shelby*, 265 Ark. 599, 601, 580 S.W.2d 201, 203 (1979).

Appellant argues that the medical treatments she received in 1997 and 1998 were furnished by Stone Container (despite the fact that it did not pay for said treatments) because it had actual notice or reason to know she was receiving the treatment. Appellee counters by arguing that this treatment was not reasonably necessary in connection with the injury appellant received. Although we agree with appellant that appellee either had actual notice or reason to know of the treatments, we conclude that the statute of limitations was not tolled as a result of the treatments appellant received.

■ From our understanding of the record, appellee had no reason to believe that treatments would cease, and, in fact, the only reason payments stopped was because appellant did not respond to an effort to coerce her to settle her compensation claim. In our view, to allow appellee to prevail simply on those facts would undermine the principle established by *Heflin* because it would base limitations questions on something other than the furnishing of medical services. Despite this conclusion, we hold that the statute was not tolled because we conclude that there is substantial evidence to support the Commission's finding that the treatments at issue were "related primarily to asthma and bronchitis . . . ." and not reasonably necessary in connection with the injuries appellant

received. Appellant argues that such a finding cannot be supported by substantial evidence in light of documentation from different physicians supporting the conclusion that her pain was "chronic" in nature. Despite this position, the record, in fact, demonstrates that during this period appellant was mainly treated for asthma and bronchitis.[2] Accordingly, we hold that the statute of limitations was not tolled by the treatments received in 1997 and 1998.

Appellant counters by arguing that if those treatments did not toll the statute of limitations, then the Commission erred by not considering certain letters from her legal counsel as claims for additional compensation that would toll the statute of limitations. We, however, disagree with appellant.

█ The first letter was dated January 26, 1993, and was sent to the Commission and carbon-copied to appellee's counsel and carrier.[3] The letter plainly demonstrates that at that time Spencer's dispute with appellee centered on claims arising from her September 26, 1991, injury (*i.e.,* the "first injury"), and not claims arising from her August 24, 1992, injury (*i.e.,* the "second injury"). Accordingly, we conclude that this letter did not constitute a claim for additional compensation for Spencer's claim arising from her 1992 injury, inasmuch as this letter expressed that appellee's carrier had at that time paid all claims arising from that injury.

█ Finally, we also conclude that the second letter, dated July 30, 1997, did not toll the statute of limitations. This letter was addressed only to appellee's workers' compensation insurance carrier; accordingly, we cannot conclude that this letter constituted a valid claim for additional compensation inasmuch as it was not filed with the Commission, as required by Ark. Code Ann. § 11-9-

---

[2] We note the opinion of the author of the independent medical evaluation report that, "an asthmatic attack is not at all beneficial for a person's spine."

[3] The body of the letter states:

Dear Mr. Harris:

We are requesting that the above file not be dismissed for want of prosecution.

We were undergoing discovery and negotiating with the attorney for Kempner [sic] when Mrs. Spencer was again injured at work. The second injury compounded the first injury and has resulted in surgery for Mrs. Spencer. To date, Mrs. Spencer is still not strong enough to pursue the first claim. Kempner [sic] has paid all of Mrs. Spencer's claims from the second injury but has paid none from the first injury. As soon as Mrs. Spencer is physically able to pursue her claim, I intend to set this before an Administrative Law Judge for a hearing. For the above reasons, we respectfully request that this file be kept opened [sic].

702(b) (1987). Moreover, if we were to assume that this letter constituted a claim, we note that this letter was dated after March 11, 1997, which as we stated above was the date after which all claims filed for additional benefits for the 1992 injury were barred.

We therefore also conclude that substantial evidence supports the Commission's finding that Spencer's claim for additional compensation that was filed on December 22, 1997, for injuries arising out of her August 24, 1992, injury was barred by the statute of limitations.

Affirmed on appeal and cross-appeal.

JENNINGS and CRABTREE, JJ., agree.