CARROLL ELECTRIC COOPERATIVE and Arkansas Rural Electric Self-Insured Trust *v.* Tim PACK

CA 03–884                                                    151 S.W.3d 324

Court of Appeals of Arkansas
Division II
Opinion delivered March 3, 2004

*Friday, Eldredge & Clark*, by: *Betty J. Demory* and *H. Wayne Young, Jr.*, for appellants.

*Davis & Zega, P.C.*, by: *Boyce R. Davis*, for appellee.

SAM BIRD, Judge. This is a workers' compensation case involving the statute of limitations. On January 24, 1995, appellee Tim Pack fell from a tree he was trimming while working for appellant Carroll Electric Corporation. His ankles and feet were severely injured, and his claim initially was accepted as compensable. A hearing was conducted before an administrative law judge on May 20, 2002, to determine appellee's entitlement to additional temporary total disability benefits from February 13, 1997, to a date yet to be determined; entitlement to additional medical treatment; and the effect of the statute of limitations on these claims. Appellee contended that the healing period had never been found to have ended, and that appellants had paid permanent partial disability for a period of time but had paid nothing after October 14, 1999. He contended that he was entitled to a resumption of total temporary benefits until his healing period should end, and that he was entitled to a resumption of medical treatment. Appellants contended that all appropriate benefits had been

paid, that appellee's claim for additional benefits was barred by the statute of limitations under Ark. Code Ann. § 11-9-702, and that appellee's healing period had ended on February 13, 1997, thereby ending his entitlement to temporary total disability benefits.

The administrative law judge found that appellee was not barred by limitations from receiving appropriate benefits. After making extensive findings about appellee's medical treatment and the duration of his healing periods; the law judge awarded temporary total disability benefits for the time periods from January 25, 1994, through February 13, 1997; from April 23 through April 27, 1998; and from September 14, 2001, to a date yet to be determined. Appellants were ordered to pay for medical services related to the compensable injuries. The law judge stated that appellee's claim, although falling within the time for filing a claim for additional benefits under Ark. Code Ann. § 11-9-702, was more correctly characterized as a request to enforce the Commission's prior opinion and award of November 16, 1995. The Workers' Compensation Commission affirmed and adopted the decision of the law judge. Appellants now appeal the Commission's decision, contending that substantial evidence does not support the finding that appellee's claim was not barred by the statute of limitations. We affirm the decision of the Commission.

Arkansas Code Annotated section 11-9-702 (Repl. 2002) reads as follows:

> (b) Time for Filing Additional Compensation. (1) In cases where any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.

The Commission found that "the evidence presented would establish that the present claim is not actually a claim for additional benefits, but would more correctly be characterized as simply a request to enforce the Commission's prior Opinion and award of November 16, 1995."

The evidence before the Commission included medical records, appellee's testimony, and appellants' documents regarding payments made beginning in 1994. A letter from Dr. Tom Coker on February 13, 1997, states that appellee would very likely eventually need further surgery, including fusions of each ankle; Dr. Coker assessed permanent physical impairment of seventy

percent to appellee's right ankle and forty percent to the left ankle as of the date of the letter. Appellee testified that appellants reduced his bi-weekly benefit payments after Dr. Coker issued the impairment ratings. A printout showing payments by appellants to appellee ends with a December 9, 1999, payment for permanent· partial disability benefits from December 2 to December 8, 1999. Appellants also provided at the hearing a Workers' Compensation Form AR-4, showing payment of temporary total disability payments for 164 weeks and one day, as well as permanent partial disability benefits for 151.65 weeks.

Appellants argue that nothing in the order or in appellee's contentions suggested that his claim was one to enforce the prior order. They point to the statement in the prehearing order that the issues to be litigated were entitlement to additional temporary total· disability from February 13, 1997, through a date yet to be determined; entitlement to additional medical services; and the effect of the statute of limitations on these additional benefits. They assert that the medical records, particularly Dr. Coker's letter assessing impairment ratings on February 13, 1997, clearly show that appellee reached the end of his healing period on that date.

The Commission found this case analogous to *Helena Contracting Co. v. Williams*, 45 Ark. App., 137, 872 S.W.2d 423 (1994), where we affirmed the Commission's conclusion that Ark. Code Ann. § 11-9-702(b) — then found in Supp. 1993 — did not bar a claim for a resumption of benefits. In *Williams* we wrote the following:

> [W]e do not think that the claim filed on January 31, 1990, constituted a claim for "additional compensation" so as to be subject to the limitations period stated in Ark. Code Ann. 11-9-702(b). There is nothing in the record before us to show that the award of compensation made pursuant to the Commission's order of February 4, 1986, had expired, or that the cessation of benefits by the appellants was sanctioned in any form. Instead, it is clear from the record·that the appellants simply refused to continue the payment of benefits previously awarded by the Commission pursuant to its order of February 1986. Furthermore, it is clear that the order appealed from merely awarded temporary total disability and medical benefits related to the compensable injury. Given that the appellee was already entitled to those benefits by virtue of the Commission's 1986 order, we think that the Commission erred in concluding that the appellee's claim was one for "additional" compensation so as to be subject to the limitations periods provided' for in 11-9-702(b). Instead, we regard the appellee's claim as one for

enforcement of the Commission's previous order, rather than a request for additional compensation, and we hold that the claim was therefore not barred by 11-9-702(b).

45 Ark. App. at 139, 872 S.W.2d at 424.

Here, the Commission found that although appellants had paid indemnity benefits and medical expenses for a substantial period of time, as had the respondents in *Williams*, they had essentially ignored a prior opinion and award. The Commission noted that a hearing had been held on a prior claim appellee filed for additional temporary total disability benefits after appellants unilaterally reduced appellee's indemnity benefits on June 5, 1995, from the previously paid temporary total disability rate to what they contended was the appropriate permanent partial disability rate. The Commission noted that on November 16, 1995, it had awarded appellee continuing temporary total disability benefits from June 5, 1995, until such time as he should reach the end of his healing period; that the November 1995 order also had awarded maximum attorney fees to appellee's attorney; and that the order had become final when appellants' appeal was dismissed on March 19, 1996.[1] The Commission found that appellee's prior claim for additional benefits had effectively tolled the statute of limitations in regard to the present claim. The Commission wrote:

> The computer printout furnished by the respondents show[s] that the respondents continued to pay the claimant indemnity benefits at the permanent partial disability rate even after the Opinion and award. At no time after the respondents unilaterally reduced these benefits on June 5, 1995, were they returned to the higher temporary total disability rate. There is also no indication in any of the payments records that the awarded fee was paid to the claimant's attorney.

We note again that appellee contended at the last hearing that he was entitled to a resumption of medical treatment and resumption of temporary total benefits until his healing period should end. This is contrary to appellants' argument that appellee's contentions do not suggest a request to enforce the prior opinion.

---

[1] Neither the November 1995 award nor the March 1996 dismissal of appellants' appeal is included in the briefs before us. It was stipulated at the hearing in the present case that "a prior opinion" of August 10, 1995, had become *res judicata*; that opinion likewise is not included in these briefs.

Appellants do not contend that the determination of the end of the healing period had been made when they unilaterally reduced indemnity payments to appellee based on Dr. Coker's letter of February 13, 1997, nor do they contest the Commission's finding that they failed to follow the Commission's order of November 1995 entitling appellee to continuing temporary total disability benefits and medical services until a future date. It is clear that appellants reduced their payments to appellee without benefit of an order to do so, and that appellee's claim was for an enforcement of a prior award rather than for additional benefits. We affirm the Commission's finding that Ark. Code Ann. § 11-9-702(b) is not applicable and, thus, does not bar this claim.

Affirmed.

STROUD, C.J., and VAUGHT, J., agree.