2009 Ark. App. 132

CARE MANOR OF BAXTER COUNTY
and Risk Management Resources,
Appellants,

v.

Debra K. WHEELER, Second Injury Fund, and Death & Permanent Total Disability Fund, Appellees.

No. CA 08–702.

Court of Appeals of Arkansas.

Feb. 25, 2009.

Worley, Wood & Parrish, P.A., by: Melissa Wood, Little Rock, for appellants.

Frederick S. "Rick" Spencer, Mountain Home, for appellee Debra Wheeler.

D.P. MARSHALL JR., Judge.

The question in this workers' compensation case is whether an employer can, by stopping payment of Commission-ordered medical benefits, start the statute of limitations running on the employee's later claim to resume those payments. It cannot. We therefore affirm the Commission's finding that Debra Wheeler's claim is not time-barred. The timing facts are undisputed. We thus review the limitations question, an issue of law, *de novo*. *Helena Contracting Co. v. Williams*, 45 Ark.App. 137, 139, 872 S.W.2d 423, 424 (1994) (reviewing limitations question *de novo* without saying so).

In 1999, Wheeler suffered compensable injuries to her hip, back, neck, and shoulders while working for Care Manor. The next year, Wheeler pulled muscles in her neck, shoulder, and back while trying to keep a nursing-home resident from falling. She had shoulder surgery several months later. Wheeler then filed a claim for benefits relating to the 2000 work injury. After a hearing, the administrative law judge found that Wheeler proved that her 2000 injury was a compensable aggravation of her 1999 injury. He also found that Wheeler was entitled to all reasonable and necessary medical treatment resulting from the 2000 aggravation injury. In January 2002, the Full Commission affirmed the ALJ's opinion. Care Manor appealed to this court, and we affirmed in an unpublished opinion. *Care Manor of Baxter County v. Wheeler*, CA02–414, 2003 WL 1901076 (Ark.Ct.App. 16 April 2003).

Care Manor stopped paying for medical treatment, without an order to do so, that Wheeler received after May 2002. Care Manor's apparent reason, according to a

later ALJ opinion, was that Wheeler's continuing treatment was neither related to nor reasonably necessary for her compensable injuries. Wheeler continued to receive treatment. In February 2003, the Commission granted Wheeler a change of physician to Dr. Richard Burnett. Wheeler had seen Dr. Burnett before the change-of-physician order, and he later became her family doctor. In the following months, her lawyer sent Care Manor's attorney several sets of medical bills. But Care Manor refused to pay them, claiming that the bills were for injuries unrelated to Wheeler's compensable injuries. Wheeler testified that she continued to treat with Dr. Burnett and other doctors for her 1999 and 2000 compensable|₃injuries through at least February 2006. Wheeler acknowledged that she had seen Dr. Burnett for other unrelated illnesses and injuries during this period.

In February 2005, Wheeler requested a hearing about payment for reasonable and necessary medical treatment. Care Manor contended that, because it last paid benefits in May 2002, Wheeler's claim for medical treatment was barred by the statute of limitations for additional compensation. Ark.Code Ann. § 11–9–702(b) (Supp.2007). The statute requires that claims for additional benefits be filed two years from the date of injury or one year from the date of the last payment of compensation, whichever period is longer. *Ibid.* But the statute of limitations is inapplicable when a party is seeking to enforce a previous order of the Commission. *Helena Contracting,* 45 Ark.App. at 139, 872 S.W.2d at 424.

The ALJ held a hearing on the limitations issue. Relying on *Helena Contracting* and *Carroll Electric Coop. v. Pack,* 85 Ark.App. 293, 151 S.W.3d 324 (2004), the ALJ concluded that Wheeler's claim was not barred because it was not one for additional benefits, but was for the enforcement of a prior order. Therefore, the ALJ reasoned, the statute of limitations for additional compensation did not apply. The Commission, with one Commissioner dissenting, affirmed and adopted the ALJ's opinion.

The Commission analyzed this issue correctly. *Helena Contracting* and *Carroll Electric* govern Wheeler's circumstances. In *Helena Contracting,* Clevester Williams suffered a compensable injury in 1983 and, several years later, was awarded additional medical|₄treatment. 45 Ark.App. at 138, 872 S.W.2d at 424. Williams then continued to receive treatment at least once a year for his compensable injury, but Helena Contracting stopped paying all benefits in July 1988. *Ibid.* In January 1990, Williams filed a claim to resume benefits, and Helena Contracting argued that his claim was time-barred. *Ibid.* We held that the statute of limitations for additional compensation did not apply because nothing in the record showed that the previous award of benefits had expired, or that cessation of benefits by Helena Contracting was sanctioned in any form. 45 Ark. App. at 139, 872 S.W.2d at 424. Williams's claim was instead one for enforcement of the Commission's previous order, and was therefore not barred. *Ibid.*

Similarly, in *Carroll Electric* an order was in effect requiring the employer to pay for continuing TTD and additional medical treatment until an undetermined future date. Carroll Electric quit paying all benefits in 1999 without the benefit of an order to do so. 85 Ark.App. at 293, 151 S.W.3d at 325. Relying on *Helena Contracting,* we held that Carroll Electric essentially ignored a prior opinion and award. 85 Ark.App. at 296–97, 151 S.W.3d at 327–28. Thus Pack's later claim for medical benefits was not time-barred because it was a claim to enforce a prior order. *Ibid.*

Here, the ALJ found that "[t]here is nothing in the record demonstrating that the award of all reasonable and necessary medical treatment for [Wheeler's] compensable injury made pursuant to the Commission's award of April 4, 2001 (which was affirmed by the Full Commission on January 31, 2002) had expired or that the stop payment of benefits by [Care Manor] was sanctioned in any form." Like in *Helena Contracting* and *Carroll Electric*, Care Manor ignored a prior opinion and award when it stopped paying for medical treatment Wheeler received after May 2002. Wheeler testified that she continued to receive treatment for her compensable injuries over the next four years. Moreover, a new order formally recognizing her treating physician was entered in February 2003. And she sought payment for her treatment. Thus Care Manor's actions did not start the statute of limitations on Wheeler's claim to resume payment of medical benefits. After our *de novo* review, we agree with the Commission's legal conclusion that Ark.Code Ann. § 11–9–702(b) does not bar Wheeler's claim.

Affirmed.

ROBBINS and BROWN, JJ., agree.