Brenda VANWAGNER v. WAL-MART STORES, INC.

06-565                                    249 S.W.3d 123

Supreme Court of Arkansas
Opinion delivered February 1, 2007

*McKinnon Law Firm*, by: *Laura J. McKinnon*, for appellant.

*Bassett Law Firm, LLP*, by: *Curtis L. Nebben*, for appellee.

TOM GLAZE, Justice. We take this case on review from the court of appeals. On November 17, 1994, Appellant Brenda VanWagner, an employee of Wal-Mart, sustained a compensable injury to her right shoulder while at work. Wal-Mart began paying benefits on December 12, 1994, and made its last payment the same month. She eventually had surgery to repair the injury. VanWagner filed a Workers' Compensation Commission Form AR-C requesting benefits on December 19, 1994, just one month after her injury. In that form, she requested "initial benefits" — temporary total disability benefits, permanent partial disability, permanent total disability, and rehabilitation — and "additional benefits" — additional temporary total, additional permanent partial, additional medical expenses, rehabilitation, and attorney's fees. A hearing was held with regard to this claim in August 1995. At the hearing, the parties agreed not to litigate the permanent-partial-disability-benefits claim.[1]

The administrative law judge (ALJ) found that VanWagner had been given light duty employment which she accepted until her working hours changed. The ALJ then found that VanWagner voluntarily abandoned her employment. The ALJ further determined that, while VanWagner could return to work, she still had some restrictions that indicated she was still in her healing period. The ALJ then denied VanWagner's request for temporary-total-disability benefits based on Wal-Mart's defense, refusal of suitable work.

---

[1] Specifically, the order stated,

At the pre-hearing conference the parties agreed to litigate the following issues:

1. Claimant's entitlement to temporary total disability benefits for the periods April 8, 1995, through April 12, 1995, and April 14, 1995, through April 16, 1995.

2. End of claimant's healing period.

3. Related medical.

4. Attorney's fees.

Based on this statement, we reasonably infer that the parties agreed not to litigate the permanent-partial-disability-benefits claim.

On November 6, 2000, VanWagner filed a request for additional permanent-partial-disability benefits, relating to the 10% rating issued by the company physician. The ALJ found that VanWagner's initial claim in 1994 for permanent-partial-disability benefits tolled the statute of limitations, and, thus, her claim for additional permanent-partial-disability benefits was not barred. As a result, the ALJ awarded VanWagner these additional benefits. The Commission, however, reversed the ALJ's decision and held that the statute of limitations barred VanWagner's additional permanent-partial-disability claim.

The court of appeals reversed the Commission's decision and reinstated the findings of the ALJ, and concluded that the statute of limitations was tolled when VanWagner filed for those benefits in 1994. In its petition for review to our court, Wal-Mart argues that the court of appeals' decision to reverse the Commission conflicts with *Sisney v. Leisure Lodges, Inc.*, 17 Ark. App. 96, 704 S.W.2d 173 (1986), and Wal-Mart asserts that the 1995 litigation lifted the toll, and, thus, the statute-of-limitations period lapsed. In support of her argument, VanWagner primarily relies on *Dillard v. Benton County Sheriff's Office*, 87 Ark. App. 397, 192 S.W.3d 287 (2004). We, too, reverse the Commission's decision.

In a petition for review, we consider a case as though it had been originally filed in this court. *Pifer v. Single Source Transp.*, 347 Ark. 851, 69 S.W.3d 1 (2002). This court views the evidence and all reasonable inferences therefrom in the light most favorable to the Commission's decision and affirms that decision when it is supported by substantial evidence. *Gansky v. Hi-Tech Eng'g*, 325 Ark. 163, 924 S.W.2d 790 (1996) (citing *Kuhn v. Majestic Hotel*, 324 Ark. 21, 918 S.W.2d 158 (1996); *Plante v. Tyson Foods, Inc.*, 319 Ark. 126, 890 S.W.2d 253 (1994)).

Wal-Mart contends that *Sisney v. Leisure Lodges, Inc., supra,* conflicts with the court of appeals' decision to reverse the Commission. We conclude otherwise. Arkansas Code Annotated section 11-9-702(b) sets forth how a claimant can file a claim for additional compensation. Section 11-9-702(b) states in relevant part:

(b) TIME FOR FILING ADDITIONAL COMPENSATION.

(1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission

within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.

§ 11-9-702(b). In the *Sisney* case, the claimant filed for additional disability benefits within the statutory period, but no action was taken on her claim. Almost three years later, the claimant, Sisney, actively pursued the claim, and the court of appeals held that a timely filing for additional benefits tolled the statute of limitations as to any benefits sought after that time had expired. Moreover, in *Jones Truck Lines v. Pendergrass*, 90 Ark. App. 402, 206 S.W.3d 272 (2005), an employee timely filed a claim for additional benefits in 1974, but a hearing was never conducted on that claim. As a result, the claim was placed on inactive status, and a final order was never entered on his case. The court of appeals in *Pendergrass* affirmed the Commission's decision that the statute of limitations was tolled and that the employee could pursue his claim for additional benefits in 2003. *See also Dillard v. Benton County Sheriff's Office*, 87 Ark. App. 397, 192 S.W.3d 287 (2004) (holding that no matter how a claim is classified, if it is timely filed, it tolls the statute of limitations).[2]

Here, VanWagner filed her claim in December 1994, and a hearing was held in 1995. Wal-Mart argues that the 1995 hearing lifted the toll on the statute of limitations, and, therefore, Van-Wagner's 2000 claim for additional benefits is barred. Yet, both parties had agreed not to litigate the issue of permanent-partial-disability benefits in 1995, even though VanWagner expressly stated in her 1994 claim that she was requesting such benefits. At that time, no determination was made regarding the permanent-partial-disability benefits, arguably because VanWagner was still in her healing period and any determination with respect to that

---

[2] A review of our case law reveals one case that presents a similar legal issue. *Petit Jean Air Serv. v. Wilson*, 251 Ark. 870, 475 S.W.2d 531 (1972). However, *Petit Jean Air Serv. v. Wilson, supra*, is inapposite to the facts in this case. In that case, Wilson's examining physicians failed to make a determination in her case before the statute of limitations expired. Wilson argued that the physicians' failure to make a determination tolled the statute of limitations. This court disagreed, concluding that a claimant had a duty to timely file a claim for additional compensation. We, thus, held that Wilson was barred from filing her claim for additional compensation. In contrast, in this appeal, VanWagner did file a timely claim for additional compensation, but that claim has yet to be adjudicated.

claim would have been premature at that time. In short, the parties here simply agreed not to litigate an issue that was decidedly premature.

■ Consequently, we conclude that, under the specific facts and circumstances of this case, VanWagner's claim for additional permanent-partial-disability benefits is not barred by the statute of limitations.

Commission Reversed.

Court of Appeals Affirmed.

CORBIN and DANIELSON, JJ., not participating.

Special Justices BRENT STANDRIDGE and JOSEPH P. MAZ-ZANTI, III, join.