SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-835

| | |
|---|---|
| WAL-MART ASSOCIATES, INC., AND CLAIMS MANAGEMENT, INC.<br>APPELLANTS | Opinion Delivered March 15, 2017 |
| | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. F713233] |
| V. | |
| PATRICIA ARMSTRONG<br>APPELLEE | REVERSED |

## PHILLIP T. WHITEAKER, Judge

Wal-Mart Associates, Inc. (Wal-Mart), appeals a decision of the Arkansas Workers' Compensation Commission ("Commission"), which concluded that appellee Patricia Armstrong's claim for additional medical treatment for her admittedly compensable left-shoulder injury was reasonable and necessary. We reverse, holding that Armstrong's claim is barred by the statute of limitations.

Armstrong filed a complaint with the Commission for additional benefits in February 2014. The statute governing the time for filing claims for additional benefits is section 11-9-702(b):

> (b) Time for Filing Additional Compensation.
>
> (1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.

Ark. Code Ann. § 11-9-702(b) (Repl. 2012).

Thus, the plain language of the statute is clear and sets forth two definitive time periods in which a claim must be brought: one year from the date of last payment of compensation or two years from the date of injury, whichever is greater. Here, it is undisputed that Armstrong's left-shoulder injury occurred on December 24, 2006, and the last payment of compensation for Armstrong's left-shoulder injury was in August 2012. Therefore, her claim for additional benefits, which was filed in February 2014, was unquestionably filed more than one year from the date of last payment of compensation and more than two years from the date of injury.

Following a strict construction of the statute, her claim should be deemed untimely. However, our courts have previously interpreted the statute to provide that a prior timely, but unresolved, claim for benefits may serve to toll the limitations period. Here, Armstrong filed a claim for benefits in 2008, within the two-year period after her injury. Therefore, we must determine if Armstrong's 2008 claim for benefits was unresolved and whether the statute of limitations was tolled under our case law.

## I. *Evidence and Procedural History*

Patricia Armstrong experienced a work-related injury in December 2006 while working in the Wal-Mart bakery. The injury occurred when she was hit on her face and left shoulder by a twenty-pound box of frozen pies dropped by a coworker who was standing on a ladder. Armstrong contended that, as a result of this work-related incident, she received injuries to both her left shoulder and her neck.

With regard to her shoulder, Armstrong initially received conservative treatment, but eventually more aggressive measures were necessary. She underwent three surgeries to her left shoulder. Wal-Mart accepted the left-shoulder injury as compensable and paid benefits until August 2012.

With regard to her neck complaints, Armstrong reported these complaints for the first time subsequent to her initial shoulder surgery in March 2007. Her complaints were evaluated by Dr. James Blankenship. Dr. Blankenship noted a congenital Chiari I malformation[1] with a rather large upper cervical syrinx. Wal-Mart controverted her neck-injury claim, asserting that her neck problems were related to the congenital defect, not a workplace injury.

In early May 2008, Armstrong was terminated from Wal-Mart for excessive absences and for "being unfriendly." Shortly thereafter, on May 27, 2008, she filed a Form AR-C with the Commission. In completing this Form AR-C, Armstrong listed the date of the accident as December 24, 2006. She described the cause of the injury: "I was handing a box to someone else. The box slipped from their hands and fell on me." Although the Form AR-C requests a brief description of the part of the body injured, Armstrong did not specify which area of the body had been injured in the incident. She then selected both "initial" and "additional" benefits as the type of benefits being claimed and checked all the boxes available therein.

---

[1]This is a condition in which brain tissue extends into the spinal canal and occurs when the skull is abnormally small or misshapen; this abnormality presses on the brain and forces it downward. Two symptoms of this condition are headaches and neck pain.

A hearing was held on her claim for benefits related to the neck on June 18, 2012. The parties agreed that the issues to be litigated at that hearing were whether Armstrong had sustained a compensable neck injury in December 2006 and whether she was entitled to medical treatment for her complaints of headaches and chronic neck pain. The parties agreed that the left-shoulder injury had been accepted and that benefits had been paid.

In September 2012, the administrative law judge (ALJ) denied Armstrong's claim regarding the compensability of her neck injury. Armstrong appealed, and the Commission affirmed and adopted the ALJ's decision. The decision of the Commission was then affirmed by this court in October 2013. *Armstrong v. Walmart Assocs., Inc.*, 2013 Ark. App. 596.

Armstrong filed another Form AR–C in February 2014. In completing this Form AR–C, Armstrong listed an accident date of December 24, 2006. She described the injury and body part injured, stating, "I was handing a box to someone when it slipped from that person's hands and fell on me injuring my left shoulder." As with the 2008 AR–C form, Armstrong selected both "initial" and "additional" benefits and checked all the boxes therein. Wal-Mart controverted the claim.

In August 2014, Armstrong sought treatment for her left shoulder from Dr. Christopher Arnold. He performed another surgery on Armstrong's left shoulder in November 2014 to repair a recurrent partial rotator cuff tear – eighty percent thickness. Dr. Arnold opined that the need for surgery was directly related to her prior work injury. Wal-Mart declined to pay for these services.

A hearing was held before the ALJ on June 15, 2015. After the hearing, the ALJ held in its September 11, 2015 opinion that Armstrong's claim for benefits was time-barred, finding that there was a clear, almost two-year gap in treatment for her left shoulder from August 2012 through July 2014. Armstrong appealed to the Commission. The Commission reversed the findings of the ALJ and granted Armstrong benefits. The Commission found that Armstrong's filing of Form AR-C in May 2008 tolled the statute of limitations, and it awarded her benefits.

Wal-Mart appeals, arguing that (1) the Commission erred as a matter of law in finding Armstrong's claim was not barred by the statute of limitations; (2) there was insufficient evidence to support the Commission's decision that her claim was not barred by the statute of limitations; (3) the Commission erred as a matter of law in finding that she was entitled to additional benefits; and (4) there was insufficient evidence to support the Commission's award of benefits.

## II. *Are Armstrong's Claims Time-barred?*

Our caselaw supports the notion that a timely, unresolved claim for benefits stops the limitations period from running against it. In *Jones Truck Lines v. Pendergrass*, 90 Ark. App. 402, 206 S.W.3d 272 (2005), the claimant had a compensable knee injury in 1971 and filed a timely claim for additional benefits in 1974. In 2003, the claimant had surgery on the injured knee and filed a claim for additional benefits. Because the 1974 claim was neither decided nor dismissed, but inactive, we held that the 2003 additional claim was not time-barred. Our supreme court affirmed this principle in *VanWagner v. Wal-Mart Stores, Inc.*, 368

Ark. 606, 249 S.W.3d 123 (2007), recalling that the claimant's additional-benefits claim was not time-barred because (1) a hearing was never held on the claim; (2) the claim was placed on inactive status; and (3) a final order was never entered on his case. *Id.* In *Nabholz Constr. Corp. v. White*, 2015 Ark. App. 102, we affirmed the Commission's reasoning that a timely filing of a Form AR-C in 1998 tolled the application of the statute, even though there was more than a two-year gap in the payment of benefits and despite the filing of a Form AR-4 closing the claim, because White's claim for additional benefits was neither dismissed nor decided until 2013.

We must answer the question of whether the Commission erred as a matter of law in concluding that the 2008 Form AR-C filed in this case tolled the statute of limitations. To phrase the question another way, was the 2008 Form AR-C an unresolved claim for benefits pertaining to Armstrong's left-shoulder injury? Under the circumstances of this case, we hold that the Commission did err as a matter of law. Here, Armstrong failed to provide sufficient information in the 2008 Form AR-C to toll the statute of limitations. In completing the 2008 Form AR-C, Armstrong did not specifically list that she suffered neck and shoulder injuries. In fact, she listed no specific injury to any part of her body, choosing to leave her claim for injuries open-ended. Additionally, with regard to the type of benefits being sought, Armstrong checked all the boxes available on the 2008 Form AR-C. Such a generic filing is the equivalent to no filing at all. It simply provides no information about the type of claim being asserted by the claimant. To allow such a generic filing to toll the limitations period indefinitely for some unspecified injury is contrary to the plain language of the statute and to



the rationale of our prior caselaw. As such, we hold, as a matter of law, the generic Form AR-C filed in this case was not sufficient to toll the statute of limitations.

Because we reverse on this issue, we need not address the other issues raised on appeal.

Reversed.

VAUGHT and MURPHY, JJ., agree.

*Bassett Law Firm LLP*, by: *Curtis L. Nebben*, for appellants.

*Tolley & Brooks, P.A.*, by: *Evelyn E. Brooks*, for appellee.